Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN STETSON, SHANE LAVIGNE, CHRISTINE LEIGH BROWN-ROBERTS, VALENTIN YURI KARPENKO, and JAKE JEREMIAH FATHY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEST PUBLISHING CORPORATION, a Minnesota corporation dba BAR/BRI, and KAPLAN, INC.,<br><br>Defendants. | Case No. CV-08-00810 R (Ex)<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date: April 15, 2013<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>*Assigned to Hon. Manuel L. Real* |

On April 15, 2013, Plaintiffs Stephen Stetson, Shane Lavigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, and Jake Jeremiah Fathy, on behalf of themselves and those similarly situated, applied to the Court for preliminary approval of a class-wide Stipulation and Settlement Agreement ("Settlement Agreement") reached in the above-captioned action, as well as for conditional certification of the Class defined in the Settlement Agreement.[1]  Having read and considered the Settlement Agreement, having considered the proposed methods of notification to the Class, having reviewed the moving papers, and good cause appearing, the Court finds as follows:

1.  For the reasons stated on the record during the April 15, 2013, hearing, the Class conditionally certified below meets the numerosity, commonaltiy, typicality, and adequacy requirements of Rule 23(a), as well as the predominance requirement of Rule 23(b).

2.  For the reasons stated on the record during the April 15, 2013, hearing, the Settlement Agreement, embodying the terms and conditions of a settlement reached between the parties—as supervised by the Ninth Circuit Mediator and as recommended by private Mediator John Francis Carroll—falls within the range of possible final approval as fair, adequate, and reasonable.

3.  For the reasons stated on the record during the April 15, 2013, hearing, the Settlement Agreement merits submission to the Class for consideration pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.  For the reasons stated on the record during the April 15, 2013, hearing, the proposed form of Notice and the proposed Claim Form are adequate, and the method of delivery specified below constitutes the best notice practicable of the Final Settlement Hearing, the terms of the Settlement Agreement, the Fee Award and Expense Award to be requested by Class Counsel, and the other matters set forth in the Notice.  The form of the Notice, together with the method of delivery specified below, constitutes valid, due,

---

[1] Capitalized terms herein have the same meaning as used in the Settlement Agreement, attached as Exhibit 1 to the March 18, 2013, Declaration of Alan Harris.

and sufficient notice to all persons in the proposed Class, and it complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

Accordingly, **IT IS HEREBY ORDERED** that:

5. For the purpose of implementing and enforcing the proposed Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Class is conditionally certified:

> All persons and entities who paid for a BAR/BRI full-service bar-review course provided by Defendant West Publishing Corporation from August 1, 2006, through and including March 21, 2011.

The above definition amends the Class definition set forth in the Settlement Agreement. Excluded from the Class are the Defendants in this litigation; all of their respective officers, directors, employees, and personnel; and all employees and personnel of any law firm that is counsel of record in this litigation to any Defendant.

6. The Notice in the form attached as Exhibit 3 to the March 18, 2013, Declaration of Alan Harris is approved for provision to Class Members, as amended to reflect the dates contemplated by this Order.

7. The Claim Form in the form attached as Exhibit A to the Settlement Agreement is approved for provision to Class Members, as amended to reflect the dates contemplated by this Order.

8. Alan Harris and David Zelenski of Harris & Ruble, along with Perrin F. Disner, are conditionally appointed as Class Counsel.

9. Plaintiffs Stephen Stetson, Shane Lavigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, and Jake Jeremiah Fathy are conditionally certified as Representative Plaintiffs.

10. A Final Settlement Hearing shall be held before this Court at 10:00 a.m. on the August 19, 2013, at the U.S. District Court for the Central District of California, 312 North Spring Street, Courtroom 8, Los Angeles, California 90012.  At the Final

Settlement Hearing, the Court will determine (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) whether a Judgment approving the Settlement Agreement and dismissing the Action should be entered; (c) whether Class Counsel's attorney's fees and costs should be approved; and (d) whether the proposed Plan of Allocation should be approved.

11. No later than twenty-eight days before the August 19, 2013, Final Settlement Hearing (presently, July 22, 2013), Class Counsel shall file a motion for final approval of the Settlement Agreement. No later than the date that Notice is delivered to the Class, Class Counsel shall file a motion for attorney's fees and costs. The motion for attorney's fees and costs shall be heard on the date set for the Final Settlement Hearing.

12. Gilardi & Co., LLC ("Gilardi") is appointed as the Claims Administrator. Gilardi shall arrange for a Summary Notice to be published and shall maintain a class-action website, both as provided for in the Settlement Agreement. In lieu of delivering the Notice to Class Members via first-class mail as provided in the Settlement Agreement, Gilardi shall deliver an e-mail to each Class Member containing the language of the Summary Notice no later than May 6, 2013. For all e-mails that "bounce back" as undeliverable, Gilardi will mail to the relevant Class Members a follow-up postcard also containing the language of the Summary Notice. The Summary Notice shall direct Class Members to a website where the long-form Notice and the Claim Form may be reviewed and downloaded, it will provide a telephone number for inquiry purposes, and it will contain instructions as to how to submit Claim Forms, objections, and exclusion requests. At the website, Class Members shall be permitted to submit their Claim Forms online. All Claim Forms, objections, and exclusion requests, if submitted by Class Members via U.S. mail, must be postmarked no later than July 8, 2013; all Claim Forms, if submitted online, must be submitted no later than July 8, 2013.

13. Any person who timely objects to the Settlement Agreement may appear and be heard at the Final Settlement Hearing, either in person or through counsel hired at his or her own expense. Any such person, no later than twenty-one days before the August

19, 2013, Final Settlement Hearing (presently, July 29, 2013), must file a written notice of intention to object; file copies of any evidence, briefs, or other papers in support of the objection with the Clerk of the Court; and serve copies of such notice and copies of all supporting papers on Class Counsel and Defendants' counsel. Only those persons who have filed and served timely notices of objection shall be entitled to be heard at the Final Settlement Hearing. Class Counsel and Defendants' counsel shall file and serve any responses to objections no later than seven days before the August 19, 2013, Final Settlement Hearing (presently, August 12, 2013).

14. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Settlement Hearing without further notice to the Class.

15. If for any reason the proposed Settlement Agreement is terminated by its own terms, or if final approval of the Settlement Agreement does not occur, this Order conditionally certifying the Class shall automatically be vacated.

**IT IS SO ORDERED.**

DATED: _____           _____
                                    U.S. District Court Judge

Submitted Pursuant to Central District of California Local Rule 5-4.4 by:

HARRIS & RUBLE

    /s/ *David Zelenski* [2]

David Zelenski
Alan Harris
*Attorneys for Plaintiffs*

Endorsed Pursuant to Central District of California Local Rule 52-8 by:

SATTERLEE STEPHENS BURKE & BURKE LLP

    /s/ *James F. Rittinger*

James F. Rittinger
*Attorneys for Defendant West Publishing Corp.*

MUNGER, TOLLES & OLSON LLP

    /s/ *Stuart N. Senator*

Stuart N. Senator
*Attorneys for Defendant Kaplan, Inc.*

---

[2] Pursuant to Central District of California Local Rule 5-4, I attest that all of the signatories listed on this signature page, and on whose behalf this filing is submitted, concur in the filing's content.