BAKER LAW PC
G. RICHARD BAKER (SBN: 224003)
richard@bakerlawpc.com
524 Union Street, Suite 213
San Francisco, CA 94133
Telephone: (205) 746-2703
Facsimile: (800) 866-6556

*Attorney for Objectors Seth Bryant Grissom, James Ralph Garrison III, Dustin Kennemer, Nathan Hunt, John Kelley and John Amari*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN STETSON, et al., individually an on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>WEST PUBLISHING CORPORATION, and KAPLAN, INC.,<br><br>        Defendants. | **CASE NO. CV-08-00810 R**<br><br>**OBJECTION TO CLASS COUNSELS' MOTION FOR ATTORNEY FEES AND REIMBUSEMENT OF EXPENSES**<br><br>Judge:    Manuel L. Real<br>CRTM:   #8<br>DATE:    August 19, 2013<br>TIME:    10:00am (PST) |

PLEASE TAKE NOTICE that, on August 19, 2013, at 10:00am, in Courtroom 8 of the above-styled Court, located at 312 North Spring Street, Los Angeles, California, Objector-class members Seth Bryant Grissom, James Ralph Garrison III, Dustin Kennemer, Nathan Hunt, John Kelley and John Amari will (1) request the Court approve the conditionally certified class and (2) object to Class Counsels' Rule 23(h) petition for attorney fee and expense award, as fully briefed herein.

DATED: July 29, 2013

s/ Richard Baker
BAKER LAW PC
G. RICHARD BAKER (SBN: 224003)
richard@bakerlawpc.com
524 Union Street, Suite 213
San Francisco, CA 94133
Telephone: (205) 746-2703
Facsimile: (800) 866-6556

ii

# **TABLE OF CONTENTS**

NOTICE OF INTENT TO APPEAR ……………………………………….. ii

TABLE OF CONTENTS    ………………………………………………….. iii

TABLE OF AUTHORITIES……………………………….……….……iv-vi

OBJECTION TO CLASS COUNSELS' REQUEST FOR ATTORNEY FEES AND REIMBURSEMENT OF CASE EXPENSES

    INTRODUCTION  .................................................................... 1

    LEGAL STANDARD ………………………………………………... 2

    1.    The *"Rodriguez"* Class Action Settlement …………………….. 4

    2.    Class Counsels' Active "Role" in *Rodriguez* ……..…..………….. 5

    3.    Class Counsels' Billing Practices/Invoices ………………………. 7

    4.    Class Counsels' Excessive Hourly Rates ……………………..... 11

    5.    Class Counsels' Unacceptable Expenses …………………………. 13

CONCLUSION ..................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

## <u>CASES</u>

3

*Laffey v. Northwest Airlines, Inc.,*
    572 F.Supp 354 (D.D.C. 1983) …………………………..…………… 11

4

*In re Chiron Corp. Sec. Litig.,*
    2007 WL 42499902 (N.D. Cal. Nov. 30, 2007) ………………..……… 3-4, 11

5

*In re Coordinated Pretrial Proceedings*,
    109 F.3d 602 (9th Cir. 1997) …………………………………….... 4

6

7

*Jacobs v. California State Auto. Assoc.*
    *Inter-Insurance Bureau,*
    2009 WL 3562871 (N.D. Cal. Oct 27, 2009) ………………………….. 8, 12

8

9

*Kayes v. Pac. Lumber Co.,*
    51 F.3d 1449 (9th Cir. 1995) ……………………………….…… 9

10

*Lindy Bros. Builders, Inc. v. American Radiator &*
    *Standard Sanitary Corp.,*
    540 F.2d 102 (3d Cir. 1976) ………………………………………… 10

11

12

*Paul, Johnson, Altom & Hunt v. Grautly,*
    866 F.2d 268 (9th Cir. 1989) …………………………………….... 4

13

14

*Rodriguez v. Disner,* (*Rodriguez II)*
    688 F.3d 645 (9th Cir. 2012) ………………………………… 3, 4, 9, 10-11

15

*Rodriguez v. West,* (*Rodriguez I)*
    563 F.3d 948 (9th Cir. 2008) ………………………………..………… 4, 9

16

17

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ………………………………………… 2, 3

18

*Technical Serv. v. Eastman Kodak Co.,*
    136 F.3d 1354 (9th Cir. 1998) ………………………………..………… 9

19

20

21

## <u>CASE PLEADINGS</u>

22

*Stetson, et al. v. West Pub. Co., et al.* [2:08-cv-00810 R]

23

    *Objections to Motion for Settlement Approval*
    [DE 72] ………………………………………….…..……………… 1, 2

24

    *Declaration of George Richard Baker*
    [DE 104] …………………………………………..……………… 1, 2

25

    *Declaration by George Richard Baker*
    [DE 105] …………………………………………..………….…… 1, 2

26

27

    *Minutes of Plaintiffs' Motion for Final Approval*
    [DE 106] ……………………………………………………….…… 1

28

iv

*Transcript of Proceedings – Hearing on Motion for
Final Settlement Approval*
[DE 108] ……………………………...…………….. 1, 2, 5, 6, 12

*Declaration of Alan Harris in Support of Motion
For Preliminary Approval of Class Settlement* [DE 139] …………..…….. 5

*Notice of Motion and Motion for Attorney Fees*
[DE 146] ……………………………………….……… 2, 6, 7

*Exhibit 9 to Class Counsels' Request for Judicial Notice in
Support of Motion for Attorney's Fees* [DE 147-9] ………….…..…….. 10

*Exhibit 11 to Plaintiff's Request for Judicial Notice in
Support of Motion for Attorney's Fees* [DE 147-11] ……………………. 6

*Exhibit 1 to the Declaration of Perrin F. Disner in Support of
Plaintiff's Motion for Attorney's Fees* [DE 149-1] …………….…..…… 10, 14

*Declaration of Alan Harris in Support of Motion
For Attorney Fees* [DE 150] ………….……………………….... *passim*

*Time Entries for Class Counsel Harris & Ruble*
[DE 150-4] …………………………………………….…… *passim*

*Rodriguez, et al., v. West Publishing Corp., et al.* [2:05-cv-03222]

*Objection to Proposed Settlement filed by Objectors, David Harris,
Kareem, Kamal, Matthew Kavanaugh, Simone Newfield,
Jonathan Ricasa, Abigail Treanor, David Zelenski*
[DE 337] …………………………………………….…...……5-6

*Declaration of Alan Harris in Support of Objections to
Proposed Settlement (337)*
[DE 338] …………………………………………….…… 5-6

*Notice of Assurance of Compliance with Protective Order filed by
Objectors David Harris, Kareem Kamal, Matthew Kavanaugh,
Simone Newfield, Jonathan Ricasa, Abigail Treanor,
David Zelenski*
[DE 360] …………………………………………….………… 5-6

*Supplemental Objections to Proposed Final Settlement*
[DE 400] …………………………………………….……………… 5-6[1]

---

[1] *See also* <u>Stetson</u> Class Counsels' *Request for Judicial Notice in Support of*

v

1

*Final Order and Judgment Approving Settlement*
[DE 429] …………………………………………..……………… 5-6

*Notice of Appeal (by Alan Harris re: Order on DE 429)*
[DE 450] …………………………….………………….. 5-6, 9

*Notice of Errata to Notice of Change of Attorney Information*
*Filed by Objector David Harris (by Attorney David Zelenski)*
[DE 513] ………………………………………………… 5-6

*Notice of Change of Attorney Information for Attorney David Zelenski*
*(counsel for Objector David Harris) – Adding Alan Harris as counsel*
*of record for David Harris*
[DE 514] ……………………………….……………… 5-6

*Motion for Attorney Fees* [DE 147] at "Exhibit 2" [DE 147-2] ("*… on June 26, 2007, several objectors, including ... David Harris, Kareem Kamal, Matthew Kavanaugh, Simone Newfield, Jonathan Ricasa, Abigail Treanor, and David Zelenski submitted additional briefing in further opposition to final approval of the Settlement.*").

## OBJECTION TO CLASS COUNSELS' REQUEST FOR ATTORNEY FEES AND REIMBURSEMENT OF CASE EXPENSES

Objector-class members Seth Bryant Grissom, James Ralph Garrison III, Dustin Kennemer, Nathan Hunt, John Kelley and John Amari, (*collectively*, "Objectors") asserted objections to a previously proposed settlement in this case in June of 2011, by and through the undersigned, that led to major changes in the form of a materially improved, conditionally certified class action settlement; enhancements which Objectors believe should now lead to final approval.[2]  While the services of the Objectors' counsel were valuable in the prior proceedings, it is appropriate for Objectors to now object to Class Counsels' petition for fees and expenses.  Counsel for the Objectors respectfully advises, by way of this filing, of his intent to personally appear at the August 19, 2013, fairness hearing on behalf of these Objectors.

## I.      INTRODUCTION

This is the second settlement brought before the Court by Class Counsel in this matter. The first proposed settlement, which present Objectors opposed [DE 72, 104, 105 and 108], was correctly rejected by the Court from the bench [DE 106 and 108].  As Objectors argued two years ago, the first proposed settlement was simply inadequate, in that it did not provide reasonable notice to unknown class

---

[2] Objectors opine herein that the previously objectionable issues of notice to class members and overall relief provided to class members have been adequately addressed, and the present, conditionally certified settlement before the Court should be approved with the exception of Class Counsel's petition for fees and expenses.

Baker Law, P.C.

members, did not provide for monetary compensation comparative to similar cases against the same Defendants, and contained a coupon component that was of little or no value to class members[3], as formally asserted by Objectors.  <u>See</u> DE 72, 104, 105 and 108.  Now, a second class settlement agreement has been reached, and the class conditionally certified, which Objectors believe provides fair and adequate relief to class members and provides reasonable notice of the settlement and its terms.  Objectors only opposition is to Class Counsels' attorney fee request, as set forth herein.

## II.    LEGAL STANDARD

In the instant action, Class Counsel seeks $1.9 million dollars in fees and reimbursement of $49,934.89 in expenses for work they claim resulted in the conditionally certified class settlement.   <u>See</u> DE 146, *Plaintiff's Motion for Attorney's Fees*, p.25.  Objectors, as members of the class, possess "an interest in assuring that the fees to be paid class counsel are not unreasonably high."  *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).  The fact that present Defendants have agreed not to object to Class Counsel petitioning for fees as long as they do not request more than twenty-five percent (25%) of the 9.5 million dollar common fund established for the benefit of the class "does not detract from the need [to carefully] scrutinize" Class Counsels' fee petition.  *Id.*  Because, "[t]here is no

---

[3] The coupon component was correctly recognized by the Court as essentially indistinguishable from a marketing technique employed for purposes of attracting new customers.  <u>See</u> DE 108, *Transcript of Proceedings* (June 20, 2011), pp.13-14.

exception in Rule 23(e) for fees provisions contained in proposed class action settlement agreements", this Court "must carefully assess the reasonableness" of Class Counsels' motion for fees and expenses." *Id.*

> … "the district court has a special duty to protect the interests of the class," *Staton v. Boeing Co.*, 327 F.3d 938, 970 (9th Cir. 2003), and must "act with a jealous regard to the rights of those who are interested in the fund in determining what a proper fee award is," *In re Wash. Pub. Power Supply Sys. Sec. Litig. (WPPSS)*, 19 F.3d 1291, 1302 (9th Cir. 1994) (internal quotation marks omitted); *see also In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). In serving this "fiduciary role for the class," the district court must consider whether class counsel has properly discharged its duty of loyalty to absent class members. *Rodriguez I*, 563 F.3d at 968.

*Rodriguez v. Disner*, 688 F.3d 645, 654 (9th Cir. 2012) ("*Rodriguez II*").

> In setting the amount of common fund fees, the district court has a special duty to protect the interests of the class. On this issue, the class's lawyers occupy a position adversarial to the interests of their clients. The reason for the usual insistence upon judge-conferred common fund fees is that, as we have explained,
>
> > "Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *WPPSS*, 19 F.3d at 1302. Accordingly, fee applications must be closely scrutinized.

*Staton*, at 970 (citing *and* quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002)).

> "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.* 327 F.3d 938, 963 (9th Cir. 2003), quoting FRCP 23(e). The court is obligated to conduct an independent inquiry into the reasonableness of any fee provisions of a class action settlement even in the face of an agreement between the parties regarding the payment and amount of attorney fees and costs.

*In re Chiron Corp. Sec. Litig.*, 2007 WL 42499902, *5 (N.D. Cal. Nov. 30, 2007).

"This obligation is especially strong if the fee award appears high." *Id.* at *6.

Thus, the Ninth Circuit has noted that a district court is authorized to adjust a fee petition "to fit the individual circumstances" of the case.  *Id.* at *5 (quoting *Paul, Johnson, Altom & Hunt v. Grautly*, 866 F.2d 268, 273 (9th Cir. 1989)). "[R]easonableness is the goal … ."  *Id.* (quoting *In re Coordinated Pretrial Proceedings*, 109 F.3d 602, 607 (9th Cir. 1997)).

> In determining what fees are reasonable, a district court may consider a lawyer's misconduct, which affects the value of the lawyer's services.  *See, e.g. Image Technical, 136 F.3d at 1358.*  A court has broad equitable power to deny attorneys' fees (or require an attorney to disgorge fees already received) when an attorney represents clients with conflicting interests.  *See, e.g., Silbiger v. Prudence Bonds Corp.,* 180 F.2d 917, 920 (2nd Cir. 1950).

*Rodriguez II*, at 653.  The facts and circumstances of the present matter, as set forth below, demonstrate vividly why Class Counsels' fee and expense petition is objectionable.

**1.  The "*Rodriguez*" Class Action Settlement**

In *Rodriguez*, "class counsel reviewed more than 400,000 pages of documents, deposed fourteen fact witnesses, and took one deposition pursuant to Fed. R. Civ. P. 30(b)(6). [Defendant] West and [Defendant] Kaplan deposed the seven class representatives and three non-party witnesses. The parties also conducted depositions of five expert witnesses." *Rodriguez v. West*, 563 F.3d 948, 956 (9th Cir. 2008) (*"Rodriguez I"*).  "The parties settled shortly before trial." *Rodriguez II*, at 650.  In the present action, it is undisputed (1) no written discovery was conducted and (2) no depositions were taken; no fact witnesses, no 30(b)(5) or (6) representatives, and (3) none of the class representatives were deposed.

However, Class Counsel Attorney Alan Harris does assert he "reviewed thousands of documents" including "informal discovery" in arguing justification for the award of fees sought by Class Counsel.  See DE 150, *Declaration of Alan Harris in Support of Motion for Attorney Fees*, p.5, ¶.4[4]; see also DE 139, *Declaration of Alan Harris in Support of Motion for Preliminary Approval of Class Settlement*, p.5, ¶.4, and pp.8-9, ¶.13 (*"... I did not have the benefit of engaging in any formal discovery ... .*); see also DE 108, *Transcript of Proceedings* (June 20, 2011), p.13 (*"While plaintiffs' counsel represent that they have benefitted from discovery in Rodriguez versus West, they do not support that representation"*).

## 2.    Class Counsels' Active "Role" in *Rodriguez*

In *Rodriguez*, on or about May 23, 2007, present Class Counsel HARRIS & RUBLE filed an objection on behalf of seven (7) class members; to-wit:

1. David Harris
2. Kareem Kamal
3. Matthew Kavanaugh
4. Simon Newfield
5. Jonathan Ricasa
6. Abigail Treanor
**7.** David Zelenski

See *Rodriguez, et al. v. West Publishing Corporation, et al.* [Case No.: 2:05-cv-

---

[4] It is unknown to Objectors what documents and/or discovery Class Counsel Alan Harris and/or any other HARRIS & RUBLE employee reviewed or whether such materials were subject to the protective orders issued by the Court in *Rodriguez*. See (DE 150-4, p.2) – *time entry for Class Counsel Perrin Disner as law clerk for HARRIS & RUBLE* (7-2-2007) - "reviewing documents and scanning selected docs from MW production and e-mailing selected docs to Eliot Disner".  Objectors reasonably assume that "MW" is the law firm MCGUIRE WOODS, LLP, class counsel in *Rodriguez*.

03222] (DE 337, DE 338, DE 360, DE 400, DE 429, p.4, DE 450, p.9, DE 513 and DE 514); see also FN.1 *supra*.  Coincidentally, Class Counsel HARRIS & RUBLE "first began investigating Defendants West Publishing Corporation ("West") and Kaplan, Inc.'s ("Kaplan") alleged violations of anti-trust law" in the present action "[i]n May 2007".[5]  See DE 150, *Declaration of Alan Harris in Support of Motion for Attorney Fees*, p.5, ¶.4.  Moreover, in the present action, HARRIS & RUBLE seeks fees in this case based on work performed by the following individuals who were objectors in *Rodriguez*:

> "[t]he following HARRIS & RUBLE 'timekeepers' performed work on this case: … Jonathan Ricasa, J.D.2001; Abigail Treanor, J.D.2003; David Zelenski, J.D. 2003; … Matthew Kavanaugh, J.D. 2005."

*Id.* at pp.11, 12, 14, 15[6]; see also DE 146, p.22.  Thus, despite representing four of the firm's "timekeepers" in objecting to the *Rodriguez* settlement, Class Counsel HARRIS & RUBLE seeks fees in this case, *paid from the common fund from which class members will be awarded relief*, for work performed by the same four individuals, one of which is co-Class Counsel in the present action:

---

[5]  As the Court is aware, Attorney Eliot Disner acted as Class Counsel in *Rodriguez*.  Notably, although no Complaint had even been filed in the present action, Attorney Alan Harris filed supplemental briefing in *Rodriguez* on behalf of these objectors on June 26, 2007.  See *Rodriguez, et al. v. West Publishing Corporation, et al.* [Case No.: 2:05-cv-03222] (DE 450, p.9); see also FN.1 *supra*.  Moreover, the fact that this case was instituted by Class Counsel in *Rodriguez* demonstrates that (1) the "risk" involved, including the "complexity of the issues", was not great, because the likelihood of success was extremely high in light of the *Rodriguez* settlement.  See DE 108, *Transcript of Proceedings* (June 20, 2011), pp.12 (*"the risk does not appear to be particularly high"*).

[6]  *Rodriguez* objector David Harris is "of counsel" to HARRIS & RUBLE.  See (DE 147-11, *Exhibit 11* to *Plaintiff's Request for Judicial Notice in Support of Plaintiff's Motion for Attorney Fees* [letterhead of HARRIS & RUBLE identifying David Harris as "of Counsel" to the firm].

▪ Matthew Kavanaugh *Rodriguez* objector *and* employee of HARRIS & RUBLE
*Billed this class for work

▪ Jonathan Ricasa        *Rodriguez* objector *and* employee of HARRIS & RUBLE
*Billed this class for work

▪ Abigail Treanor        *Rodriguez* objector *and* employee of HARRIS & RUBLE
*Billed this class for work

▪ David Zelenski         *Rodriguez* objector *and* employee of HARRIS & RUBLE
*Billed this class $189,000.00
for work as co-Class Counsel

See DE 150, *Declaration of Alan Harris in Support of Motion for Attorney Fees*,

pp.14-15, and DE 146, p.22.

### 3.    Class Counsels' Billing Practices/Invoices.

While the facts stated above (*i.e., present Class Counsels' role in the*

*Rodriguez case*), standing alone may not reflect any explicit impropriety by present

Class Counsel, the billing records submitted in support of their request for fees in

this action include items which are quite suspect; to-wit:

5-21-2007   3 hours billed by Class Counsel Alan Harris for "research regarding settlement". See (DE 150-4, p.1).  Curiously, this is the same day Attorney Harris filed an objection on behalf of seven (7) objectors, including his co-Class Counsel David Zelenski.
Cost to the Class/Common Fund - $2,400.00

5-27-2007   6.5 hours billed by Class Counsel Alan Harris for "research regarding background of case". See (DE 150-4, p.1).
Cost to the Class/Common Fund - $5,200.00

5-29-2007   3.3 hours billed by Class Counsel Alan Harris for "legal research".
See (DE 150-4, p.1).
Cost to the Class/Common Fund - $2,640.00

6-7-2007     2.5 hours billed by Class Counsel Alan Harris for "review[ing] documents regarding case background". See (DE 150-4, p.2).[1]
Cost to the Class/Common Fund - $2,000.00

6-15-2007   2.5 hours billed by Class Counsel Alan Harris for "reviewing documents". See (DE 150-4, p.2).[1]
Cost to the Class/Common Fund - $2,000.00

6-17-2007   11.5 hours billed by Class Counsel Alan Harris for "research

and drafting regarding economic analysis of potential damages. Work with Eliot Disner and Perrin Disner." <u>See</u> (DE 150-4, p.2).
Cost to the Class/Common Fund - $9,200.00

7-5-2007    1.3 hours billed by Class Counsel Alan Harris for "e-mail correspondence with Eliot Disner; reviewing documents". <u>See</u> (DE 150-4, p.2).
Cost to the Class/Common Fund - $1,040.00.

These examples are on the first two pages of some one-hundred ninety pages of billing records submitted by Class Counsel HARRIS & RUBLE - over $24,480.00 which, if awarded by the Court to Class Counsel, will be unjustly and inequitably transferred from the common fund established for benefit the class.[7]  Countless of other problematic time entries exist in the billing records of HARRIS & RUBLE:

Pages 28 through 31 of *Exhibit 4 to the Declaration of Alan Harris in Support of Plaintiff's Motion for Award of Attorney Fees*, (DE 150-4) reflect some twenty-six (26) billing entries that are <u>consistent with docket entries related to *Rodriguez*, not to the present case</u>.  <u>See</u> and compare with *Rodriguez, et al. v. West Publishing Corporation, et al.* [Case No.: 2:05-cv-03222] (DE 546 through DE 574).

Pages 35 and 36 of *Exhibit 4 to the Declaration of Alan Harris in Support of Plaintiff's Motion for Award of Attorney Fees*, (DE 150-4) reflect seven (7) more billing entries that are <u>consistent with docket entries related to *Rodriguez*, not to the present case</u>.  <u>See</u> and compare with *Rodriguez, et al. v. West Publishing Corporation, et al.* [Case No.: 2:05-cv-03222] (DE 582 through DE 588).

Page 37 and 38 of *Exhibit 4 to the Declaration of Alan Harris in Support of Plaintiff's Motion for Award of Attorney Fees*, (DE 150-4) reflect eight (8) more billing entries that are <u>consistent with docket entries related to *Rodriguez*, not to the present case</u>.  <u>See</u> and compare with *Rodriguez, et al. v. West Publishing Corporation, et al.* [Case No.: 2:05-cv-03222] (DE 597 through DE 599).

Page 40 of *Exhibit 4 to the Declaration of Alan Harris in Support of Plaintiff's Motion for Award of Attorney Fees*, (DE 150-4) reflects a billing entry that is <u>consistent with docket entries related to *Rodriguez*, not to the</u>

---

[7]  Objectors aver that Class Counsels' time and expense submissions are "woefully inadequate" leaving Objectors, and the Court, unable to confirm the propriety of numerous entries and leaving Objectors completely unable to confirm the appropriateness of the lodestar claimed.  <u>See</u> *Jacobs v. California State Auto. Assoc. Inter-Insurance Bureau*, 2009 WL 3562871, *2-3 (N.D. Cal. Oct. 27, 2009) (*the Court specifically addressing the time records of Attorneys Alan Harris and David Zelenski of Harris & Ruble*).

present case.  See and compare with *Rodriguez, et al. v. West Publishing Corporation, et al.* [Case No.: 2:05-cv-03222] (DE 605).

Page 43 of *Exhibit 4 to the Declaration of Alan Harris in Support of Plaintiff's Motion for Award of Attorney Fees*, (DE 150-4) reflects a billing entry that is <u>consistent with docket entries related to *Rodriguez*, not to the present case</u>.  See and compare with *Rodriguez, et al. v. West Publishing Corporation, et al.* [Case No.: 2:05-cv-03222] (DE 612).

Objectors advise the Court that *Exhibit 4 to the Declaration of Alan Harris in Support of Plaintiff's Motion for Award of Attorney Fees*, (DE 150-4) is replete with billing that appears related not to the present case, but to *Rodriguez* and the objections related thereto.  Objectors need not explain to this Court the impropriety of Class Counsel billing this class' common fund for work they performed related to objecting to the *Rodriguez* settlement.  See *Rodriquez II*, at 654 (<u>quoting</u> *Image Technical Serv. v. Eastman Kodak Co.*, 136 F.3d 1354, 1358 (9th Cir. 1998) *for the canon "payment is not due for services not properly performed."*).

The simultaneous participation in *Rodriguez* as objectors, and in the present case as employees and/or Class Counsel, while charging the common fund for services and related costs, raises issues of conflicts of interest and credibility. "[T]he responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." *Rodriguez I*, at 968 (<u>quoting</u> *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995)).

Further, Class Counsel bills this class (1) over $45,000.00 for drafting the

Complaint[8] [See DE 149-1 (*Exhibit 1 to the Declaration of Perrin F. Disner in Support of Plaintiff's Motion for Attorney's Fees*), pp.1-2][2], described to the Ninth Circuit Court of Appeals by counsel Defendant West Publishing Corporation as, "essentially the same as the operative complaint in *Rodriguez v. West Publishing Corp. et al.*" [See DE 147-9 (*Exhibit 9* to Class Counsels' *Request for Judicial Notice in Support of Motion for Attorney's Fees*, p.1)], (2) over $35,000.00 for vaguely defined "documents prepared in relation to" the first proposed, rejected settlement [see DE 150-5 (*billing records of HARRIS & RUBLE*), pp.132-134], (3) over $10,000.00 for the *Motion for Reconsideration* they filed regarding the first failed attempt at settlement [see DE 150-5 (*billing records of HARRIS & RUBLE*), pp.7-11, and DE 149-1 (*Exhibit 1* to the *Declaration of Perrin F. Disner in Support of Plaintiff's Motion for Attorney's Fees*), p.14], and (4) over $25,000.00 for their present *Motion for Attorney's Fee* [*Id.* at pp.47-48, and DE 149-1 (*Exhibit 1* to the *Declaration of Perrin F. Disner in Support of Plaintiff's Motion for Attorney's Fees*], p.23[9]. These hefty charges further magnify the appearance of impropriety of Class Counsels' actions in the present case, simultaneous activities in

---

[8] This amount is wholly independent of the $24,480 billed by HARRIS & RUBLE for "review/research/etc." between May 21 and July 5, 2007, discussed *supra*.

[9] This amount does not reflect billing for preparation of Class Counsels' attorney fee petition related to the first proposed, rejected settlement. Moreover, there is no benefit to the class in Class Counsels' drafting their fee and expense petition(s); it benefits Class Counsel only. See *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 111 (3rd Cir. 1976). Compare and contrast with *Stetson* DE 65, 75, 92, 139 and 150.

Baker Law, P.C.

*Rodriguez*, and their pending fee and expense petition as presented.  See *Rodriquez II*, at 654 (*"payment is not due for services not properly performed."*).

### 4.    Class Counsels' Excessive Hourly Rates.

Objectors also challenge the individual attorney hourly rates charged by Class Counsel as excessive.  Similar to Class Counsels' charging fees for objectionable work (*i.e., work not benefitting this class*) or amount of work dedicated to specific issues (*i.e, drafting/filing/reviewing documents*) that inured no benefit to the class, Class Counsel petitions for excessive hourly rates.  Objectors suggest the Court adjust the hourly rates applicable to _all_ attorneys' requesting fees in this case consistent with the method employed by the Honorable Vaughn R. Walker, U.S. District Court for the Northern District of California in *In re Chiron Corporation Securities Litigation*, which result in the following reasonable hourly rates:

| Years of Experience | Hourly rate |
|---|---|
| 20+ years | $460.24 |
| 11-19 years | $407.94 |
| 8-10 years | $329.49 |
| 4-7 years | $266.73 |
| 1-3 years | $224.89 |

*In re Chiron Corp. Sec. Litig.*, 2007 WL 4249902, *6-7 (N.D. Cal. Nov. 30, 2007)[10].  Employing these hourly rates is judicious and will protect the common

---

[10]   The *Chiron* court established these rates by relying upon the *Laffey* matrix [see *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 3 (D.D.C. 1984) and federal "locality of pay differentials for 2007" [http://www.opm.gov/oca/07tables/indexGS.asp].

fund by reasonably reducing the lodestar claimed by Class Counsel:

| Class Counsel | Requested Hourly Rate (x) | Claimed Hours (=) | Claimed Lodestar |
|---|---|---|---|
| Alan Harris | $800.00 | 582.7 | $466,160.00 |
| David Zelenski | $495.00 | 381.9 | $189,040.50 |
| Perrin Disner | $395.90 | 154.0 | $ 60,830.00 |
| | | | $716,030.50[11] |

| Class Counsel | *Reasonable* Hourly Rate (x) | Claimed Hours (=) | *Adjusted* Lodestar |
|---|---|---|---|
| Alan Harris | $460.24 | 582.7 | $268,181.84 |
| David Zelenski | $329.49 | 381.9 | $125,832.23 |
| Perrin Disner | $266.73 | 154.0 | $ 41,076.42 |
| | | | $435,090.49 |

Objectors aver their proposed rates would result in a reasonable "adjusted lodestar" amount yet still maintain the number of hours claimed by Class Counsel are objectionable as set forth herein.[12]   Class Counsels' requested hourly rates are unreasonably inflated and should be reduced to the benefit of the class' common fund. See *Jacobs v. California State Auto. Assoc. Inter-Insurance Bureau*, 2009 WL 3562871, *4 (N.D. Cal. Oct. 27, 2009) (*the Court specifically criticizing the hourly rate of $800.00 claimed by Attorneys Alan Harris of* HARRIS & RUBLE, *as well as rates claimed by other* HARRIS & RUBLE *timekeepers, and* HARRIS & RUBLE'S *"expert" as to the reasonableness of their hourly rates*)   Consequently, doing so

---

[11] According to Class Counsel Alan Harris, his and Attorney Zelenski's lodestar represents "over 90% of HARRIS & RUBLE's total time" in prosecuting this case. See DE 150, *Declaration of Alan Harris in Support of Plaintiff's Motion for Attorney's Fees*, pp.11-12, ¶.16.  Class Counsel HARRIS & RUBLE'S petitioning for over 1,300 billable hours, despite conducting no discovery leads to the inevitable conclusion that the work that *was* performed was excessively inefficient.  The class members should not be punished by permitting the common fund to be depleted due to Class Counsels' lack of resourcefulness in prosecuting the case.   See DE 108, *Transcript of Proceedings* (June 20, 2011), pp.12-13.  Class Counsel also submits $9,925.50 in lodestar Class Counsel Perrin Disner's work as a law clerk, at $195.00 per hour, prior to admission to the bar in 2006.

[12] The amount of $435,090.49 is stated only to illustrate to the Court the potential amount of funds at issue that *should* remain in the common fund established to benefit the class members.

Baker Law, P.C.

results in such a dramatic reduction in Class Counsels' overall lodestar that the multiplier requested to reach their goal of $1.9 million dollars far exceeds the bounds of reasonableness; essentially a 4.5 multiplier *if* their submitted number or hours worked (*i.e., 1,541.20*) were accepted as true and accurate.

### 5.   Class Counsels' Unacceptable Expenses.

Finally, the fact that no discovery was conducted in this case cannot be discounted in light of the fact Class Counsel HARRIS & RUBLE claims over $39,000.00 in "expert fees" from the class.   See DE 150-4, p136.[13]   This $39,000.00 "experts" charge represents seventy-eight percent (78%) of Class Counsels' total claimed expenses in this litigation ($49,934.89).   Objectors justly demand an explanation from Class Counsel as to who these experts are/were, what they were retained for, and what they intended to rely upon in forming an opinion in light of the complete lack of discovery in this case; specifically, copies of invoices from the experts themselves and access to each individual "expert's" case file.   No other method will protect the common fund established for the class members absent striking the $39,000.00 request entirely.   Moreover, this "expert" expense is further evidence that Class Counsel have a greater interest in maximizing their fees and expenses than standing firm to their duty to absent class members and the common fund created for the benefit of the class.

---

[13] This amount does not include a "meal with expert witness at *Fogo De Chao*, Beverly Hills for which Class Counsel Alan Harris has charged the class $93.59. See DE 150-4, p.138.

## IV.   CONCLUSION

In sum, objectors aver the questionable billing and expense entries contained in DE 150-4 (*billing and expense records of* HARRIS & RUBLE) and DE 149-1 (*billing and expense records of* DISNER LAW CORPORATION *and the* LAW OFFICES OF PERRIN F. DISNER) are so abundant that a strong question arises as to the propriety of the entirety of Class Counsels' fee and expense request, the most notable issues being:

1.   billing by Class Counsel Alan Harris [HARRIS & RUBLE], allegedly regarding work performed for the benefit of the present class but arguably for work related to his efforts in (a) objecting to the *Rodriguez* settlement (b) on behalf of his firms' employees as individual objectors;

2.   billing by Class Counsel David Zelenski [HARRIS & RUBLE], allegedly regarding work performed for the benefit of the present class but arguably for work related to his efforts in (a) objecting to the *Rodriguez* settlement (b) on behalf of himself as an individual objector;

3.   billing by Class Counsel Perrin Disner [DISNER LAW CORPORATION *and* the LAW OFFICES OF PERRIN F. DISNER], allegedly regarding work performed for the benefit of the present class but arguably for work related to his efforts in (a) objecting to the *Rodriguez* settlement (b) as an employee of HARRIS & RUBLE, (c) on behalf of DISNER LAW CORPORATION, formed by Elliot Disner who acted as Class Counsel in *Rodriguez*;

4.   billing by Attorneys Jonathan Ricasa, Abigail Treanor, and Matthew Kavanaugh, allegedly regarding work performed for the benefit of the present class but arguably for work related to their efforts in (a) objecting to the *Rodriguez* settlement (b) as employees of HARRIS & RUBLE; and

5.   billing for experts when no discovery whatsoever was conducted by which an expert could render an admissible opinion pursuant to the FEDERAL RULES OF EVIDENCE.

The truths set forth herein are the result of a rigorous examination of the docket in *Rodriguez*, the docket of the present case, a particularly laborious inspection of *Plaintiff's Motion for Attorney's Fees* and related filings, and

14

comparing and contrasting activities contained in each.

The facts set forth herein are sufficient enough to give the Court pause regarding Class Counsels' motion for fees and purported fair and adequate representation of the class.  Strict scrutiny of the billing and expense records submitted by Class Counsel is in order considering an apparent conflict between the class and Class Counsel by virtue of Class Counsels' petition for fees and expenses.  Frustrating Class Counsels' fee request is what Objectors are entitled to do because it is unfair to the class members as Class Counsel wrong attempt to raid the common benefit fund to the detriment of the class.  Approval of Class Counsels' fee and expense petition under the circumstances highlighted herein would be inconsistent with the class action process itself.

WHEREFORE, premises considered, Objectors call for Court assistance in their attempt to protect the common fund established for the benefit of class members.  Objectors pray the Court, in its discretion, deny all of Class Counsels' request for reimbursement for expenses related in any way to purported "experts", and award Class Counsel attorney fees of no more than one-fifth (1/5) of the $1.9 million dollars requested by them; specifically, no more than $380,000.00.

DATED: July 29, 2013          s/ Richard Baker
                              BAKER LAW PC
                              G. RICHARD BAKER (SBN: 224003)
                              richard@bakerlawpc.com
                              524 Union Street, Suite 213
                              San Francisco, CA 94133
                              Telephone: (205) 746-2703
                              Facsimile: (800) 866-6556

15