BAKER LAW PC
G. RICHARD BAKER (SBN: 224003)
richard@bakerlawpc.com
524 Union Street, Suite 213
San Francisco, CA 94133
Telephone: (205) 746-2703
Facsimile: (800) 866-6556

*Attorney for Objectors Seth Bryant Grissom, James Ralph Garrison III, Dustin Kennemer, Nathan Hunt, John Kelley and John Amari*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN STETSON, et al., individually an on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEST PUBLISHING CORPORATION, and KAPLAN, INC.,<br><br>Defendants. | **CASE NO. CV-08-00810 R**<br><br>**OBJECTORS PETITION FOR INVENTIVE AWARDS AND ATTORNEY FEES**<br><br>Judge:   Manuel L. Real<br>CRTM:   #8<br>DATE:   August 19, 2013<br>TIME:   10:00am (PST) |

PLEASE TAKE NOTICE that, on August 19, 2013, at 10:00am, in Courtroom 8 of the above-styled Court, located at 312 North Spring Street, Los Angeles, California, Objector-class members Seth Bryant Grissom, James Ralph Garrison III, Dustin Kennemer, Nathan Hunt, John Kelley and John Amari will petition the Court pursuant to Rule 23(h) of the FEDERAL RULES OF CIVIL PROCEDURE and applicable case law for individual incentive awards and attorney fees, as set forth herein with specificity.

This filing is made pursuant to Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE and applicable case law. The required Local Rule 7-3 meet-and-confer(s) took place commencing on April 12, 2013, via telephone conference, and continued April 29, 2013, via written letter from the undersigned to Class Counsel HARRIS & RUBLE, Class Counsel Alan Harris' telephone call to the undersigned on Saturday, May 4, 2013, a return telephone call to Class Counsel Alan Harris on Saturday, May 4, 2013, and the undersigned's telephone call to Class Counsel Alan Harris and David Zelenski on Monday May 6, 2013. A second "round" of Local Rule 7-3 meet-and-confers took place commencing on Friday, July 19, 2013, via telephone conference with Class Counsel, continuing up and through July 26, 2013.

DATED: July 29, 2013

s/ Richard Baker
BAKER LAW PC
G. RICHARD BAKER (SBN: 224003)
richard@bakerlawpc.com
524 Union Street, Suite 213
San Francisco, CA 94133
Telephone: (205) 746-2703
Facsimile: (800) 866-6556

# **TABLE OF CONTENTS**

NOTICE OF INTENT TO APPEAR ………………………………………………….. i

NOTICE OF COMPLIANCE WITH
LOCAL RULE 7-3 ………………………………………………………………….. i

TABLE OF CONTENTS ……………………………………….………………….. iii

TABLE OF AUTHORITIES……………………………………….………………iv-vi

OBJECTORS' MOTION FOR INCENTIVE AWARDS
AND ATTORNEY FEE AWARD

    INTRODUCTION ........................................................................................ 1

    LEGAL STANDARD ………………………………………………………….. 3

    ARGUMENT ……………………………………………………………….... 6

    1.    Objectors seek $1,000.00 each as
        an incentive award …………………………………………..…………6

    2.    The $4.215 Million Dollar Increase
        to the Cash Fund …………………………………………………….… 7

    3.    Objectors Have Conferred a Potential Benefit
        to the Class Common Fund by Virtue of Exposing
        Class Counsels' Questionable Billing Practices ………………..…9

    CONCLUSION …………………………………………………………10

# TABLE OF AUTHORITIES

**CASES**

*Class Plaintiffs v. Jafe & Schlesinger, P.A.*,
    19 F.3d 1306 (9th Cir. 1994) ……………………………..…………….. 2

*Furtado v. Bishop*,
    635 F.2d 915 (1st Cir. 1980) ………………………………………………… 3

*Green v. Transitron Electr. Corp.*,
    326 F.2d 492 (1st Cir. 1964) ………………………………………………… 5

*In re Chiron Corp. Sec. Litig.*,
    2007 WL 42499002 (N.D. Cal. Nov. 30, 2007) ……………………………... 4

*In re Coordinated Pretrial Proceedings in Petroleum
Prods. Antitrust Lit.*,
    109 F.3d 602 (9th Cir. 1997) ………………………………………………. 4

*In re Wash. Pub. Power Supply Sys. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ………………………………………………. 4

*Independent Energy Holdings PLC Sec. Litig.*,
    2003 LEXIS 21332 (S.D. N.Y. 2003) …………………………..…………. 5

*Mills v. Electronic Auto-Lite Co.*,
    396 U.S. 375, 90 S.Ct. 616 (1970) ………………………………………… 4

*Mirfasihi v. Fleet Mortg. Corp.*
    551 F.3d 682 (7th Cir. 2008) ………………………………………………. 3

*Polonski v. Trump Taj Mahal Assocs.*,
    137 F.3d 139 (3rd Cir. 1999) …………………………………….………… 5

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) ……………………………………………… 3

*Reynolds v. Beneficial Nat'l Bank*,
    288 F.3d 277 (7th Cir. 2002) ………………………………………………… 5

*Rodriguez v. Disner*, ("*Rodriguez II*")
   688 F.3d 645 (9th Cir. 2012) ………………………………………………… 2, 9

*Rodriguez v. West*, ("*Rodriguez I*")
   563 F.3d 948 (9th Cir. 2008) ……………………………………..…… 1, 3, 5, 9

*Sprague v. Ticonic Nat'l Bank*,
   307 U.S. 161, 59 S.Ct. 777 (1939) ………………………….……………….. 9

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) …………………………………………………. 4

*Steele v. Title Realty Co.*,
   478 F.2d 380 (10th Cir. 1973) …………………………………………….… 3

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ……………………..………………….… 2, 4, 5

*Wheeler v. American Public Life Ins. Co.*,
   326 F.2d 492 (1st Cir. 1964) …………………………….…………………... 3

*White v. Auerbuch*,
   500 F.2d 822 (2nd Cir. 1974) …………………….……………….………. 3, 4

*Wininger v. SI Management L.P.*,
   301 F.3d 1115 (9th Cir. 2002) ……………………………………………….. 4

**RULES**

FEDERAL RULE OF CIVIL PROCEDURE 23(h) ……………………………………… ii

**CASE PLEADINGS**

*Stetson, et al. v. West Pub. Co., et al.* [2:08-cv-00810 R]

   *Objections to Motion for Settlement Approval*
   [DE 72] ……………………………………………………………… 6, 10

   *Notice of and Motion for Attorney Fees*
   [DE 73] …………………………………………………………………….. 7

*Declaration of George Richard Baker*
[DE 104] ……………………………………………………………………. 6, 10

*Declaration by George Richard Baker*
[105] ……………………………………………..…………….. 6, 10

*Minutes of Plaintiffs' Motion for Final Approval*
[DE 106] …………………………………………………………………….. 10

*Transcript of Proceedings – Hearing on Motion for Final Settlement Approval*
[DE 108] …………………………………………………….. 6, 7-8, 10

*Notice of Motion and Motion for Attorney Fees*
[DE 146] …………………………………………………………………… 1, 8

*Request for Judicial Notice RE: Motion for Attorney Fees*
[DE 147-11] ………………………………………………..…………1

*Declaration of Alan Harris in Support of Plaintiff's Motion for Attorney's Fees* [DE 150] …………………………………………… 8

**MISCELLANEOUS**

Hornstein, LEGAL THERAPEUTICS:
THE "SALVAGE FACTOR IN COUNSEL FEE AWARDS,
  69 Harv.L.Rev. 658 (1956) …………………….……………………… 5

**APPENDIX**

Exhibit "A" – Declaration of G. Richard Baker

Exhibit "B" – Declaration of K. Stephen Jackson

Exhibit "C" – Declaration of Joseph L. Tucker

# OBJECTORS' MOTION FOR INCENTIVE AWARDS AND ATTORNEY FEE AWARD

## I. INTRODUCTION

As correctly cited in Class Counsel's *Motion for Award of Attorney's Fees*, the first settlement proposed by Class Counsel contained a cash fund component of $5.285 million dollars. Subsequent to the Objectors opposition to the first proposed settlement, a significantly revised settlement has been reached with a cash common fund of $9.5 million dollars; an increase of $4.215 million dollars (*approximately eighty percent [80%]*). Notably, the coupon component of the first proposed settlement has been entirely removed from the present, conditionally certified class settlement.[1]

Class Counsel has affirmatively acknowledged Objectors were the *only* class members to objection "to the monetary West settlement" of the first proposed settlement, and Objectors' counsel was the *only* objector's counsel to be heard at the fairness hearing on the first proposed settlement. DE 147-11, *Request for Judicial Notice in Support of Plaintiffs' Motion for Attorney's Fees* – SUPPLEMENTAL LETTER BRIEF TO NINTH CIRCUIT COURT OF APPEALS from Class Counsel, p.2, and DE 146, *Plaintiff's Motion for Attorney's Fees*, p.7. Objectors' efforts in opposing the initial proposed settlement proximately and directly generated a highly amplified cash fund and removed the inconsequential coupon

---

[1] Class Counsel ignores the Court's prior criticism of the coupon component and *still* maintains the coupons had a "value of *at least* $2.82 million". DE 146, *Plaintiff's Motion for Attorney's Fees*, pp.1, 5.

component previously suggested by Class Counsel to be worth millions of dollars to the class members. As a result, Objectors and their counsel effectively protected the class members from the previous, inadequate settlement and rightfully deserve compensation. *Class Plaintiffs v. Jafe & Schlesinger, P.A,* 19 F.3d 1306, 1308 (9th Cir. 1994) (per curium); *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1052 (9th Cir. 2002) *Cert. denied sub nom Vizcaino v. Waite,* 537 U.S. 1018, 123 S.Ct. 536 (2002).

Therefore, Objectors request:

1) an incentive award of $1,000.00 per Objector (a total of $6,000.00);

2) an attorney's fee award of thirteen and three-quarters percent (13.75%) of the additional $4.215 million dollar portion of the cash common fund (*i.e., $578,750.00*) because Objectors' participation in the case (*objecting to the first proposed settlement*) resulted in this considerable enhancement to the common fund; and

3) an attorney's fee of twenty percent (20%) of any reduction in Class Counsels excessive requests for a $1.9 million dollar fee, and reimbursement of unwarranted expenses, such a reduction resulting in a direct savings benefit to the common fund (*see Objectors' Opposition to Class Counsels' Motion for Fees & Expenses, filed contemporaneously herewith*).

Objectors' aver any such fees awarded to Objectors' and/or their counsel are just and reasonable as they are a result of their efforts in bringing about both monetary enhancements and/or savings to the common fund, both of which directly benefit the class members. See *Rodriguez v. Disner*, 688 F.3d 645, 658-660 (9th Cir. 2012) ("*Rodriguez II*").

## II. LEGAL STANDARD

> Incentive *awards* are fairly typical in class action cases. *See* 4 William B. Rubenstein et al., *Newberg on Class Actions* § 11:38 (4th ed.2008); Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study,* 53 U.C.L.A. L.Rev. 1303 (2006) (finding twenty-eight percent of settled class actions between 1993 and 2002 included an incentive award to class representatives). Such awards are discretionary, *see In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir.2000), and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.

*Rodriguez v. West*, 563 F.3d 948, 959-959 (9th Cir. 2008) (*"Rodriguez I"*). This Court has broad discretion in deciding the reasonableness of any attorney fees that should be paid to both Class Counsel <u>and</u> to counsel for Objectors. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *Furtado v. Bishop*, 635 F.2d 915, 920-21 (1st Cir.1980); *Steele v. Title Realty Co.*, 478 F.2d 380, 385 (10th Cir. 1973); *Wheeler v. American Public Life Ins. Co.*, 477 F.2d 1019, 1022-23 (8th Cir. 1973); *Green v. Transitron Elec. Corp.*, 326 F.2d 492, 499 (1st Cir. 1964). Objectors play a valuable role in providing the court with information and perspective with respect to the fairness, adequacy, and reasonableness of a class action settlement. <u>See</u> *In re Oracle Sec. Litig.*, 131 F.R.D. 688, 689 (N.D. Cal. 1990) (*observing that the role of objectors is crucial because "in assessing settlements of representative actions, judges no longer have the benefit of the adversarial process"*); <u>see</u> also *White v. Auerbuch*, 500 F.2d 822, 828 (2nd Cir.

1974).[2] Objectors whose participation improves the quality of a settlement may be awarded attorneys' fees under a common fund theory. *Vizcaino* at 1047; see also *White* at 828. The role of an objector is particularly important in the evaluation of the reasonableness of attorneys' fee requests by class counsel. See *In re Chiron Corp. Sec. Litig.*, 2007 WL 4249902, *4 (N.D. Cal. Nov. 30, 2007).

The common fund doctrine provides that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). The Ninth Circuit has held that a district court may award fees pursuant to a straight percentage of the settlement fund as long as the fee is reasonable under the circumstances. See *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,* 109 F.3d 602, 607 (9th Cir. 1997) and *In re Wash. Pub. Power Supply Sys. Litig.*, 19 F.3d 1291, 1294 n.2 (9th Cir. 1994). Counsel for objectors whose actions confer a benefit upon the class are entitled to reasonable fees and expenses. *Wininger v. SI Management L.P.*, 301 F.3d 1115, 1123 (9th Cir. 2002). Such benefit need not be a financial one, but should be substantial. *Mills v. Electronic Auto-Lite Co.*, 396 U.S. 375, 392, 90 S.Ct. 616

---

[2] "It is desirable to have as broad a range of participants in the class action fairness hearing as possible …, and that this participation is encouraged by permitting lawyers who contribute materially to the proceeding to obtain a fee." *Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 687 (7th Cir. 2008).

(1970); see also *Rodriguez I*, at 963 (9th Cir. 2009) (*finding that because the "net effects" of objectors efforts left "$325,000 in the settlement fund for distribution to the class as a whole-that otherwise would have gone to the class representatives", and remanding for determination of "the extent to which Objectors added value that increased the fund or substantially benefitted the class members, and to award attorney's fees accordingly".*); see also *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 147 (3rd Cir. 1999) (*finding a substantial benefit as "typically one that not only corrects an abuse prejudicial to an essential right, but also impacts the future conduct of the defendant's affairs"*). "One thousand plodding hours may be far less productive than one imaginative, brilliant hour." Hornstein, LEGAL THERAPEUTICS: THE "SALVAGE" FACTOR IN COUNSEL FEE AWARDS, 69 Harv.L.Rev. 658 (1956). "[T]here is no necessary correlation between any particular percentage and a reasonable fee … [b]ecause a court must consider the fund's size in light of the circumstances of the particular case … ." *Vizciano* at 1047. "Exceptional results are a relevant circumstance." *Id.* at 1048.[3]

---

[3] See *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002) (*holding that the district court could not deny fees to objectors on the grounds that the court had already privately considered the arguments the objectors later advanced*); see also *In re Independent Energy Holdings PLC Securities Litigation*, 2003 U.S. Dis. LEXIS 21332 (S.D. N.Y. 2003) (*where the court affirmed a fee award to the objectors counsel even though the court concluded it "would likely have reached the same result with or without the objector's comments."*); see also *Green v. Transitron Electr. Corp.*, 326 F.2d 492, 498-99 (1st Cir. 1964).

## III. ARGUMENT

### 1. Objectors seek $1,000.00 each as an incentive award.

Objectors in this matter have played a remarkably vital role. Objectors warned the Court of the inadequacy of the first proposed settlement (*i.e., questioning the fairness, adequacy, and reasonableness of the class notice and particularly the proposed class benefits*), resulting in a substantially improved conditionally certified settlement with adequate notice and relief to the class members far superior to that of the first proposed settlement. See DE 72, 104, 105 and 108. In addition, Objectors now contest Class Counsels' requested attorneys' fee and expense petition, further acting as guardians of the class and the common fund created for the principal purpose of benefitting class members. See *Objectors Opposition to Class Counsels' Attorney Fee & Expense Petition* filed contemporaneously herewith.

Because Objectors have successfully defended the absent class member by way of facilitating informed judicial consideration of the adequacy of the first proposed class settlement [DE 72, 104, 105 and 108], and now seek to safeguard the common fund from the overreaching motion for attorney's fees filed by Class Counsel by formally objecting to same, they are deserving of an incentive award. Therefore, Objectors respectfully seek $1,000.00 each for their previous efforts in objecting to a first proposed settlement that provided inadequate relief, and present action in objecting to Class Counsels' fee petition in order to protect absent class

members and the common fund from Class Counsel attempt.

## 2. The $4.215 Million Dollar Increase to the Cash Fund.

Two years ago, in 2011, Class Counsel argued to this Court that the $5.285 million dollar cash component of the first proposed settlement agreement was reasonable, adequate, and fair compensation for class members. See DE 73, *Plaintiff's Motion for Attorney's Fees*, p.3 (*"Plaintiffs' Counsel believes that these payments represent a fair, adequate, and reasonable result for participating Class Members ... ."*), p.8 (*"Plaintiffs' Counsel Achieved an Excellent Result for the Class"*), p.13 (*"Here, Plaintiffs' Counsel has achieved such exceptional success ... ."*). However, Class Counsel *now* proposes that $9.5 million dollar cash is the reasonable, adequate, and fair amount due class members. Thus, at the time of the first attempt at settlement approval, Class Counsel maintained that a little more than fifty-percent (50%) of the $9.5 million dollar cash fund *now* available was just compensation. In essence, at the time of the hearing on the first proposed settlement, Class counsel had left millions of dollars in cash on the proverbial "negotiation table", to the direct detriment of the absent class members they represent. Accordingly, Objectors aver that their objection to the first proposed settlement, for the benefit of the entire class, was vital to ensuring the class was not short-changed.[4] The Court's rejection of the first settlement, *after granting*

---

[4] The Court, at the June 11, 2011, hearing on the motion for final approval of the first attempted settlement, noted that the cash benefit to the individual class

*preliminary approval*, supports the fact the first proposed settlement was inadequate and that the objection conferred a substantial monetary benefit class wide. (DE 150, *Declaration of Alan Harris in Support of Plaintiff's Motion for Attorney's Fees,* p.8) (*"The court denied [Plaintiff's Motion for final approval of the initial proposed settlement], holding that the amount of the average recovery did not reasonably compare to that in* <u>Rodriquez</u> *or to that in ...* <u>Park v. Thomson Corp.</u> *... ."*). Under the terms of the present settlement agreement, each class member now stands to collect an "estimated average *net* recovery" per class member of "$128.91 – more than double the average net recovery under the rejected settlement" (DE 146, *Plaintiff's Motion for Attorney's Fees*, p.11) which Class Counsel had strongly advocated the Court approve as fair and reasonable. Objectors aver that their actions conferred a substantial, material monetary benefit and value to the class; that their actions were the catalyst for the material benefit of $4.215 million dollars (*a 78% increase in the cash component of the settlement*) being added to the common benefit in place of a worthless coupon component which was offered in the first proposed settlement. It is this substantial, material cash benefit and value that primarily justifies Objectors being awarded the fee

---

members would have resulted in a net monetary recovery of $82.50. <u>See</u> DE 108, *Transcript of Proceedings* (June 20, 2011), p.14. Class Counsel now corrects the Court's valuation the net recovery per class member under the terms of the rejected first settlement and places it at $57.96. (DE 146, *Plaintiff's Motion for Attorney's Fees*, p.6). It is notable that Class Counsel did not make any effort to advise the Court of this error during the June 11, 2011, hearing and waited until May 6, 2013, when their *Motion for Attorney's Fees* was filed, which promotes the idea of "double the recovery" of their first proposed settlement.

petitioned for herein.

### 3. Objectors Have Conferred a Potential Benefit to the Class Common Fund by Virtue of Exposing Class Counsel's Questionable Billing Practices

Upon information and belief, Class Counsel has heretofore failed to disclose their previous role as objectors in *Roderiguez* to the class it now represents, or to the Court in violation of their fiduciary duties to the class and duty of candor to the court. *Roderiguez II,* at 657-58, citing *Rodriguez I.* at 959. To allow Class Counsel's to bill for time spent in furtherance of their role as objectors in *Roderiguez* would necessarily work a hardship on the class by virtue of a substantially reduced common fund. To the extent this Honorable Court exercises "the historic equity jurisdiction of the federal courts" [*Sprague v. Ticonic Nat'l Bank,* 307 U.S. at 164, 59 S.Ct. 777 (1939)], and reduces and/or denies Class Counsel fees and expenses, Objectors respectfully petition for a fee of twenty percent (20%) of any such reduction.

For example:

| | |
|---|---|
| Class Counsel Fee Requested: | $1,900,000.00 |
| Actual Fee Granted: | $   400,000.00 |
| *Benefit/Savings to Class/Common Fund*: | $1,500,000.00 |

*$1,500,000.00 (x) 20% (=) $300,000.00 fee award to Objectors.

Such an award is justified based on the material benefit to the class that will result from a reduction or denial of Class Counsel's fee and expense petition, and this objection thereto.

9

## IV. CONCLUSION

As demonstrated by the formal objection to the first proposed settlement filed by these Objectors, they have participated in the prior litigation and appeared before this Court to address the fairness of the first proposed settlement of this class action. See DE 72, 104, 105 and 108. Counsel for Objectors raised issues regarding the proposed class relief and notice of settlement and, at the final settlement hearing the Court agreed, advised from the bench it would not approve the proposed settlement: specifically, expressing concerns existed about the proposed "coupon" element of the settlement and misgivings about the value of the "coupon" component of the settlement and purported "benefit" to class members. See DE 106 and 108. Thus, the Court agreed with the issue of relief to class members raised by Objectors. *Id.*

Upon careful review of the presently proposed, conditionally certified class, Objectors opine the issues of notice to class members and overall relief provided to class members have been adequately addressed, and the present, conditionally certified settlement before the Court should be approved with the exception of Class Counsel's petition for fees and expenses, which has been objected to contemporaneously with this filing. Objectors were the catalyst to this new, highly improved proposed settlement. Objectors specifically and tangibly prevailed by causing Class Counsel and Defendants to renegotiate, improve the notice to the class members, remove the worthless coupon component, and increase the cash

fund by approximately eighty percent (80%). Objectors request for compensation, for themselves and their counsel, is warranted because of the vital role played in bringing about this new, vastly improved settlement for this Court's approval. Further, Objectors now seek to preserve the increased common fund against Class Counsels' excessive fee and expense petition and, if successful in their objection, aver they will have produced another substantial benefit on the class in the form of savings to the common fund to the direct benefit of individual class members

WHEREFORE, premises considered, Objectors pray that this Court will award reasonable representatives' awards of $1,000.00 each, reasonable attorney fees in the amount of $578,750.00 for the cash increase to the common fund of $4.215 million dollars as a result of Objectors' first objection, and 20% of any amount saved to the benefit of the common fund by virtue of any reduction in Class Counsels' fee and expense less than the $1.9 million dollars in fees and $49,934.89 in expenses Class Counsel has petitioned for; specifically, 20% of any savings to the cash common fund by reducing or denying Class Counsels' fee and expense petition as a result of Objectors' present objection. It is indisputable Objectors have significantly enhanced and/or protected the settlement agreement common fund to the benefit of the individual class members. Such relief (*incentive awards and attorney's fees*) is further justified by Objectors efforts and actions in protecting the common fund from Class Counsels' excessive fee and expense reimbursement petition.

1
2   DATED: July 29, 2013             s/ Richard Baker
                                     BAKER LAW PC
3                                    G. RICHARD BAKER (SBN: 224003)
                                     richard@bakerlawpc.com
4                                    524 Union Street, Suite 213
                                     San Francisco, CA 94133
5                                    Telephone: (205) 746-2703
                                     Facsimile: (800) 866-6556
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28