Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

Perrin Disner (SBN 257586)
LAW OFFICES OF PERRIN F. DISNER
1855 Camden Avenue, Suite 3
Los Angeles, California 90025
Telephone: (310) 742-7944
Facsimile: (888) 544-5154
pdisner@disnerlaw.com

*Attorneys for Plaintiffs*

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN STETSON, SHANE LAVIGNE, CHRISTINE LEIGH BROWN-ROBERTS, VALENTIN YURI KARPENKO, and JAKE JEREMIAH FATHY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WEST PUBLISHING CORPORATION, a Minnesota corporation dba BAR/BRI, and KAPLAN, INC.,<br><br>    Defendants. | Case No. CV-08-00810 R (Ex)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS-ACTION SETTLEMENT, GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, AND DENYING THE GRISSOM OBJECTORS' PETITION FOR INCENTIVE AWARDS AND ATTORNEY'S FEES; JUDGMENT OF DISMISSAL**<br><br>Date: August 19, 2013<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>*Assigned to Hon. Manuel L. Real* |

On April 19, 2013, this Court preliminarily approved the Stipulation and Settlement Agreement ("Settlement Agreement") reached in the within action between Plaintiffs Stephen Stetson, Shane LaVigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, and Jake Jeremiah Fathy, on behalf of themselves and all others similarly situated, and Defendants West Publishing Corporation and Kaplan, Inc. Capitalized terms not otherwise defined herein shall have the meaning set forth in the Settlement Agreement.

In connection with the Order granting preliminary approval, the Court conditionally certified the following class ("Class") for settlement purposes:

> All persons and entities who paid for a BAR/BRI full-service bar-review course provided by Defendant West Publishing Corporation from August 1, 2006, through and including March 21, 2011.

Plaintiffs have now moved the Court for final approval of the Settlement Agreement, as well as for fees and costs associated with prosecuting and settling this action. Having read and considered all the relevant papers, having conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e), and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The following settlement class ("Settlement Class") is certified under Federal Rule of Civil Procedure 23(c):

> All members of the Class preliminarily approved on April 19, 2013, who did not properly and timely request exclusion pursuant to the procedures specified in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and all of the parties herein, including the Settlement Class, pursuant to 28 U.S.C. § 1331.

3. The Settlement Agreement is fair, reasonable, and adequate. Substantial investigation and research have been conducted such that respective counsel for Plaintiffs and Defendants have been reasonably able to evaluate their respective positions. The

Settlement Agreement was the result of intensive, non-collusive, arm's length negotiations, including private mediation before the special master appointed to oversee discovery in the related action of <u>Rodriguez v. West Publishing Corporation</u>, Central District of California Case No. CV 05-3222 R (who recommends approval of the Settlement Agreement "without reservation"), as well as extensive mediation before the appointed Ninth Circuit Mediator.  The Court has considered the nature of Plaintiffs' claims, the amounts and kinds of benefits to be paid under the Settlement Agreement, the Plan of Allocation of the settlement proceeds to the Settlement Class, and the fact that the Settlement Agreement represents a compromise of the respective positions of Plaintiffs and Defendants rather than the result of a finding of liability at trial.  The Court further finds that the response of the preliminarily approved Class to the terms of the Settlement Agreement supports final approval.  A total of 36,162 timely and 290 untimely claims were submitted through July 22, 2013, equal to 20% of the preliminarily approved Class.  Only thirteen individuals requested exclusion, and only one objection relating to the substance of the settlement was submitted.  That objection, submitted by Jonathan Brown, lacks merit and is overruled on the merits.  Moreover, Mr. Brown's objection was untimely and is overruled on that separate ground as well.

       4.      Members of the preliminarily approved Class were provided with ample time to submit claims, object, or request exclusion, and the form, manner, and content of the Notice delivered to the preliminarily approved Class constituted the best notice practicable under the circumstances.  The Claims Administrator appointed by the Court in connection with the Order granting preliminary approval—Gilardi & Co., LLC ("Gilardi")—provided individual notice to members of the preliminarily approved Class via e-mail.  For those members of the preliminarily approved Class whose e-mails were undeliverable or not on file, Gilardi mailed them postcard notice via U.S. mail.  Prior to mailing, Gilardi updated all physical addresses through the National Change of Address Database; if a mailing was returned with an undeliverable address, Gilardi further updated those addresses through a third-party locator service and re-mailed the postcard

notice to those updated addresses. Both the e-mails and the follow-up postcards directed members of the preliminarily approved Class to a website at which copies of the long-form Notice and Claim Form approved by the Court could be reviewed and downloaded. The Class Notice and Claim Form informed members of the preliminarily approved Class of the terms of the Settlement Agreement, their right to object to the Settlement Agreement or to request exclusion, and their right to appear in person or by counsel at the final-approval hearing. In addition, the website contained instructions on how to submit Claim Forms, objections, and exclusion requests; it included Gilardi's contact information and answers to frequently asked questions; and it permitted the online submission of claims. Gilardi also established a toll-free telephone number to respond to any inquiries, as well as arranged for a Summary Notice to be published in *The National Law Journal*, *Lawyers Weekly USA*, and *USA Today*. Accordingly, the form, manner, and content of the Notice meets the requirements of Federal Rule of Civil Procedure 23(c)(2).

     5.    This Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Settlement Class Members. Settlement Class Members are hereby barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any and all claims released as provided in the Settlement Agreement. All of the released claims shall be conclusively deemed released and discharged as to the Released Parties as provided in the Settlement Agreement.

     6.    This Order and Judgment is intended to have res judicata force and effect as to each Settlement Class Member.

     7.    All claims asserted by Plaintiffs are hereby dismissed with prejudice.

     8.    All payments to Settlement Class Members, Class Counsel, and the Claims Administrator shall be disbursed pursuant to the procedures specified in the Settlement Agreement. Class Counsel have requested, and Defendants do not oppose, that the 290 above-noted untimely submitted claims be honored. In the interests of fairness and

justice, the Court finds that those claims shall be treated as if they were timely.  Payments for Class Counsel's fees and costs, on the one hand, and Gilardi's fees and costs, on the other hand, shall be made in the amounts specified below.

9. Harris & Ruble and the Law Offices of Perrin Disner are qualified to represent the Settlement Class, and the Court confirms their appointment as Class Counsel.  Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel's request for an award, in light of the time and effort expended by Class Counsel in prosecuting this action, which time and effort benefitted the Settlement Class, of attorney's fees in the amount of $1,900,000 and for reimbursement of incurred costs in the amount of $49,934.89 is hereby granted in part and denied in part.  Class counsel are hereby awarded attorneys' fees in the amount of $585,000 and reimbursement of $20,588.17 in costs, for the reasons stated on the record.

10. The Court approves the payment of settlement-administration fees and expenses to Gilardi.

11. The Court finds that it [is or is not] appropriate to grant Incentive Awards in the amounts of $4,000 to each of the five Representative Plaintiffs in recognition of their contributions to the Action and their services to the Settlement Class.  These payments [shall or shall not] be made pursuant to the procedures specified in the Settlement Agreement.

12. The July 29, 2013, "Petition for Inventive [*sic*] Awards and Attorney Fees" filed Seth Bryant Grissom, James Ralph Garrison III, Dustin Kennemer, Nathan Hunt, John Kelley, and John Amari (the "Grissom Objectors") is denied for the reasons stated on the record.  The separate objection submitted by Leo Hendges is denied as moot.

13. Without affecting the finality of this Order and Judgment in any way, the Court hereby retains jurisdiction over the parties, including the Settlement Class Members, for the purpose of construing, enforcing, and administering this Order and Judgment, as well as the Settlement Agreement itself.  This Order and Judgment shall constitute a final judgment for purposes of Federal Rule of Civil Procedure 58.

/ / / / /

14. This case is hereby **DISMISSED WITH PREJUDICE**, with each party to bear its own attorney's fees and costs, except as otherwise expressly set forth herein.

**IT IS SO ORDERED.**

Dated: _SEPT. 20, 2013_

U.S. District Court Judge

Submitted Pursuant to Central District of California Local Rule 5-4.4 by:

HARRIS & RUBLE

/s/     *Alan Harris* [1]
David Zelenski
Alan Harris
*Attorneys for Plaintiffs*

Endorsed Pursuant to Central District of California Local Rule 52-8 by:

SATTERLEE STEPHENS BURKE & BURKE LLP

/s/     *James F. Rittinger*
James F. Rittinger
*Attorneys for Defendant West Publishing Corp.*

MUNGER, TOLLES & OLSON LLP

/s/     *Stuart N. Senator*
Stuart N. Senator
*Attorneys for Defendant Kaplan, Inc.*

---

[1] Pursuant to Central District of California Local Rule 5-4, I attest that all of the signatories listed on this signature page, and on whose behalf this filing is submitted, concur in the filing's content.