Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

Perrin Disner (SBN 257586)
LAW OFFICES OF PERRIN F. DISNER
1855 Camden Avenue, Suite 3
Los Angeles, California 90025
Telephone:  (310) 742-7944
Facsimile:  (888) 544-5154
pdisner@disnerlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN STETSON, SHANE LAVIGNE, CHRISTINE LEIGH BROWN-ROBERTS, VALENTIN YURI KARPENKO, and JAKE JEREMIAH FATHY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEST PUBLISHING CORPORATION, a Minnesota corporation dba BAR/BRI, and KAPLAN, INC.,<br><br>Defendants. | Case No. CV-08-00810 R (Ex)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CORRECT A MISTAKE ARISING FROM AN APPARENT OVERSIGHT OR OMISSION IN THE ORDER GRANTING FINAL APPROVAL AND JUDGMENT OF DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 4, 2013<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>*Assigned to Hon. Manuel L. Real* |

**PLEASE TAKE NOTICE** that, on November 4, 2013, at 10:00 a.m., in Courtroom 8 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California 90012—or at such other date, time, or place as the Court may designate—Plaintiffs Steven Stetson, Shane LaVigne, Christine Leigh Brown-Roberts, Valentin Yuri Karpenko, and Jake Jeremiah Fathy will move pursuant to Federal Rule of Civil Procedure 60(a) for an order correcting a mistake arising from an apparent oversight or omission in the final-approval Order and Judgment of dismissal.

The Motion will be made and based upon this Notice of Motion; the Memorandum of points and authorities appended hereto; all of the pleadings, papers, and documents contained in the file of the within action, including those pleadings, papers, and documents referenced in the accompanying Memorandum; and such further evidence and argument as may be presented at or before the hearing on the Motion.

The required Local Rule 7-3 meet-and-confer took place commencing on September 25, 2013, and on various dates thereafter.

Dated: October 2, 2013                     HARRIS & RUBLE

                                                /s/ *David Zelenski*
                                        Alan Harris
                                        David Zelenski
                                        *Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction.

On September 20, 2013, the Court entered an Order and Judgment of dismissal granting final approval of the class-wide Stipulation and Settlement Agreement ("Settlement Agreement") in the within action.[1]  Under the Settlement Agreement, Class Counsel were permitted to request Incentive Awards of up to $4,000 for each of the five named Plaintiffs for their services in this litigation.  Pursuant to the Settlement Agreement, Class Counsel's Motion for final approval sought such Incentive Awards, supporting the request with Declarations executed by each of the Plaintiffs.  In granting final approval, however, the Court did not specify whether it was granting or denying the Incentive Award request.  In order to correct that apparent oversight, Plaintiffs respectfully request, pursuant to Federal Rule of Civil Procedure 60(a), that the Court enter an amended order and judgment specifying whether the requested Incentive Awards were granted or denied.

### II.   Statement of Relevant Procedural History.

Plaintiffs filed their Motion for final approval of the Settlement Agreement on July 22, 2013.  (See generally July 22, 2013, Pls.' Notice of Mot. & Mot. for Final Approval of Class-Action Settlement ("July 22, 2013, Mot. for Final Approval") [Docket No. 152].)  The Settlement Agreement expressly provides that Class Counsel were permitted to apply to the Court for Incentive Awards of up $20,000 in the aggregate—*i.e.*, $4,000 per Plaintiff—from the Gross Settlement Fund.  (July 22, 2013, Decl. of Alan Harris in Supp. of Pls.' Mot. for Final Approval of Class-Action Settlement ("July 22, 2013, Harris Decl.") [Docket No. 153] ¶ 13 & Ex. 2 at §§ 14, 50.)  Plaintiffs' Motion for final approval sought such amounts.  (July 22, 2013, Mot. for Final Approval [Docket No. 152] at 17:14–19:4.)  In support of this request, Class Counsel filed Declarations from each of the Plaintiffs attesting to their services in this litigation.  (July 22, 2013, Harris

---

[1] Unless otherwise noted, capitalized terms used herein have the same meanings set forth in the Settlement Agreement.

Decl. [Docket No. 153] ¶ 15 & Ex. 4.)

After the hearing on the Motion, the Court entered Civil Minutes directing Plaintiffs to submit a proposed final-approval order. (Aug. 19, 2013, Civil Minutes [Docket No. 176] at 1.) Although the Civil Minutes indicated that the Court was approving the Settlement Agreement, the Minutes did not state whether the Incentive Awards contemplated by the Settlement Agreement had been granted. (See Aug. 19, 2013, Civil Minutes [Docket No. 176] at 1.) Accordingly, paragraph 11 of the Proposed Order and Judgment submitted by Class Counsel contained alternative language regarding the payment of Incentive Awards. (Sept. 6, 2013, Proposed Order Granting Mot. for Final Approval of Class-Action Settlement, Granting in Part & Denying in Part Pls.' Mot. for Att'ys Fees, & Denying the Grissom Objectors' Petition for Incentive Awards & Att'ys Fees [Docket No. 177-1] ¶ 11.) The Proposed Order and Judgment was appended to a Notice of lodging, which Notice apprised the Court that the Proposed Order and Judgment "contains alternative language—presented in brackets—in paragraph 11 regarding the award of enhancement payments to Plaintiffs" and that "Plaintiffs respectfully request that the Court adopt the specific bracketed language in paragraph 11 that it deems proper." (Sept. 6, 2013, Notice of Lodging Proposed Order Granting Mot. for Final Approval of Class-Action Settlement, Granting in Part & Denying in Part Pls.' Mot. for Att'ys Fees, & Denying the Grissom Objectors' Petition for Incentive Awards & Att'ys Fees [Docket No. 177] at 2:5–7.)

On September 20, 2013, the Court executed an Order and Judgment granting final approval, but it left the alternative language from the Proposed Order and Judgment as is. (Sept. 20, 2013, Order Granting Mot. for Final Approval of Class-Action Settlement, Granting in Part & Denying in Part Pls.' Mot. for Att'ys Fees, & Denying the Grissom Objectors' Petition for Incentive Awards & Att'ys Fees [Docket No. 179] ¶ 11.) By this Motion, Plaintiffs respectfully request that the Court enter an amended order and judgment specifying whether the requested Incentive Awards were granted or denied.
/ / / / /

### III.   Argument.

Under Federal Rule of Civil Procedure 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Proc. 60(a). Such a correction may be made by the court either on its own initiative or on a party's noticed motion. See id. (stating that the court may correct a clerical mistake or oversight "on motion or on its own"). There "[i]s no time limit" for when such a motion must be filed or when such a correction may be made. Jones v. Guerrero Co. v. Sealift Pac., 650 F.2d 1072, 1074 (9th Cir. 1981).

As recently explained by the Ninth Circuit, Rule 60(a) "allow[s] a district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment." Garamendi v. Henin, 683 F.3d 1069, 1077 (9th Cir. 2012). Accordingly, "Rule 60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" Id. at 1079. So long as the requested correction seeks only to conform the order to the court's intent, rather than to "change[] [the court's] mind," a motion for such a correction is within the scope of Rule 60(a). Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987).

Here, Plaintiffs are not requesting that the Court "make [a] correction[] that, under the guise of mere clarification, 'reflect[s] a new and subsequent intent because [they] perceive[] its original judgment to be incorrect." Garamendi, 683 F.3d at 1080 (quoting Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992)). Instead, they are asking that the Court amend the Order and Judgment to "'reflect [the Court's] contemporaneous intent.'" Garamendi, 683 F.3d at 1080 (quoting Burton, 975 F.2d at 694). Specifically, they request only that the Court specify whether, when it executed the Order and Judgment, it
/ / / / /

intended to grant or deny the Incentive Awards called for by the Settlement Agreement.[2] The Motion's requested relief is therefore proper.

### IV. Conclusion.

Plaintiffs respectfully request that the Court enter an amended order and judgment specifying whether the requested Incentive Awards were granted or denied.

Dated: October 2, 2013

HARRIS & RUBLE

/s/ *David Zelenski*
Alan Harris
David Zelenski
*Attorneys for Plaintiffs*

---

[2] It appears as though counsel for certain of the objectors to the settlement intend on appealing the Order and Judgment granting final approval. (See Sept. 12, 2013, Tr. Designation & Ordering Form [Docket No. 178] at 1 (request for the final-fairness-hearing transcript by G. Richard Baker, counsel for certain objectors).) Once an appeal is docketed, this Court will lack jurisdiction to correct any clerical mistakes or omissions in the Order and Judgment without the Ninth Circuit's permission. See Fed. R. Civ. Proc. 60(a) (stating that, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave"). In order to avoid any possible delays associated with having to seek leave from the Ninth Circuit if an appeal is filed, the parties filed a Stipulated Request on September 27, 2013, proposing that the Court correct the omission on its own motion. (See generally Sept. 27, 2013, Stipulated Req. that the Court Correct a Mistake Arising from Oversight or Omission in the Order Granting Final Approval & J. of Dismissal [Docket No. 180].) The present Motion is being filed as a "fallback" and can be taken off-calendar if the Court acts on its own motion pursuant to the Stipulated Request.

## *PROOF OF SERVICE*

I am an attorney for Plaintiffs herein, over the age of eighteen years, and not a party to the within action.  My business address is 6424 Santa Monica Boulevard, Los Angeles, California 90038.

On October 2, 2013, I served the foregoing document.  I am readily familiar with the Firm's practice of collection and processing correspondence for mailing.  Under that practice, the foregoing document would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

Caeden C. Drayton
4233 NW 25 Place
Launderhill, Florida 33313

Daniel Greenberg
Greenberg Legal Services
55 Fontenay Circle
Little Rock, Arkansas 72223

Robert T. Plunkert
Pitzger Snodgrass P.C.
100 South Fourth Street
St. Louis, Missouri 63102

Thomas E. Jackson
14521 E. Cabana Street #306
Corpus Christi, Texas 78418

George Richard Baker
Baker Law P.C.
2925 Manor Road
Charlotte, North Carolina 28209

George Richard Baker
Baker Law P.C.
524 Union Street, Suite 213
San Francisco, California 94133

I declare under penalty of perjury of the laws of the United States and of the State of California that the above is true and correct.  Executed on October 2, 2013, at Los Angeles, California.

                                                 /s/ *David Zelenski*
                                               David Zelenski

PLS.' MOT. TO CORRECT MISTAKE ARISING FROM OVERSIGHT OR OMISSION