**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN STETSON, individual and all others similarly situated; SHANE LAVIGNE, individual and all others similarly situated; CHRISTINE LEIGH BROWN-ROBERTS, individual and all others similarly situated; VALENTIN YURI KARPENKO, individual and all others similarly situated; JAKE JEREMIAH FATHY, individual and all others similarly situated,<br>          *Plaintiffs-Appellees/ Cross-Appellants*,<br><br>and<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation, DBA BAR/BRI; KAPLAN, INC.,<br>          *Defendants-Appellees/ Cross-Appellants*,<br><br>v.<br><br>SETH BRYANT GRISSOM; JAMES RALPH GARRISON, III; DUSTIN KENNEMER; NATHAN HUNT; JOHN KELLEY; JOHN AMARI,<br>          *Objectors-Appellants/ Cross-Appellees.* | Nos. 13-57061<br>     13-57159<br><br>D.C. No.<br>2:08-cv-00810-<br>R-E<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
February 2, 2016—Pasadena, California

Filed May 11, 2016

Before: STEPHEN REINHARDT, RICHARD A. PAEZ,
and MILAN D. SMITH, JR., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

**Settlement / Attorneys' Fees**

The panel vacated the district court's order reducing class counsel's fees following a settlement.

The panel held that in a class action, an objector need not establish standing to object to an award of attorneys' fees by the district court. If the objector seeks to appeal the award, however, then he must demonstrate standing. An objector has standing to appeal a denial of his own request for fees. Here, the objectors were not yet entitled to any fees because the panel vacated the district court's order awarding attorneys' fees to class counsel.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that in this common-fund case, the district court acted well within its discretion in using the lodestar method to calculate fees. The district court abused its discretion, however, in failing specifically to articulate the reasoning supporting the large disparity between the requested fees and the awarded fees. In addition, the district court's reduction of class counsel's costs was based on clearly erroneous findings of fact.

The panel vacated the district court's award of costs and fees and remanded with instructions for the district court to (1) clearly provide reasons for the factors in its lodestar computation; (2) expressly consider both a risk multiplier and the *Kerr* reasonableness factors; and (3) base its decision on facts supported by the record. The panel directed that the case be reassigned to a different district judge on remand.

## COUNSEL

Joseph L. Tucker (argued), Jackson & Tucker PC, Birmingham, Alabama, for Objectors-Appellants/Cross-Appellees.

Alan Harris (argued), Harris & Ruble, Los Angeles, California; Perrin F. Disner (argued), Law Offices of Perrin F. Disner, Los Angeles, California, for Plaintiffs-Appellees/Cross-Appellants.

## OPINION

M. SMITH, Circuit Judge:

We consider in this disposition whether, when a common-fund settlement agreement has been reached in a class action and fees have been awarded to class counsel, a non-participating class member who objects only to the fee award has standing to appeal the denial of his own request for fees. We also consider a cross-appeal concerning the district court's reduction of Plaintiffs' attorney's fees and costs. We vacate and remand.

## FACTS AND PRIOR PROCEEDINGS

This case is before us for the third time. Plaintiffs Stetson et al. first appealed the district court's order dismissing their complaint in May 2008. After oral argument, we referred the case to mediation. A settlement was reached, and we remanded the case to the district court "for the limited purpose of considering approval of and approving the settlement agreement between the putative Class and Defendants." The district court rejected the proposed settlement, and we reasserted jurisdiction. We then reversed the district court's order of dismissal (the order from which the appeal had originally been taken) but again referred the case to mediation. By February 2013, a new settlement had been reached, and we issued our mandate, returning jurisdiction to the district court.

The parties presented the new settlement agreement—which included a $9.5 million gross settlement fund—to the district court for approval. Plaintiffs' attorneys (Class Counsel) sought $1.9 million in fees as compensation, which

represented approximately 20 percent of the common fund. Class Counsel also sought $49,934.89 in costs. Certain class members (Objectors) objected to the fee request (but not to the underlying settlement), asserting that Class Counsel were entitled to no more than $380,000 in fees. Objectors then sought 20 percent of any reduction in Class Counsel's fees as their own fee award, as well as $1,000 in incentive awards for each individual objector.

The district court granted $585,000 in fees to Class Counsel, which reflected a reduction of requested fees of approximately 70 percent. It also reduced Class Counsel's costs reimbursement to $20,588.17. The district court announced its reasoning from the bench, as follows:

> The Court finds that the lodestar method is preferable in the circumstances of this case. *In re Bluetooth Headset Prods. Litig.*, 654 F.3d 936 (9th Cir. 2011).
>
> Using the lodestar method, the Court first determines the reasonable fee by multiplying the reasonable hourly rate by the reasonable hours expended in the litigation. Here, class counsel has provided a declaration with the schedule of hourly rates charged by each attorney who worked on the matter and how many hours were expended by those attorneys. After review of the timesheet submissions and declarations of counsel, the Court finds that the hourly fee and hours expended are not reasonable.

| 6 | STETSON V. GRISSOM |
|---|---|

First, the hourly fee charged by counsel is beyond the prevalent market rate. The Court finds that a reasonable hourly fee for an attorney with the experience of class counsel dealing with a case of this magnitude and degree of difficulty in the Central District is $450 per hour. *See Trevinu v. Gates*, 99 F.3d 911 (9th Cir. 1996).

Second, the Court finds that many of the hours billed by class counsel were redundant, excessive, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

For instance, Class Counsel Disner's time sheet does not separate and describe the time and tasks performed by each attorney; indeed, it appears that on many entries two attorneys billed for the same work. In sum, the Court finds that class counsel's reasonable fee is $585,000. This is using the $450 per hour rate applied across all counsel and to the total 1300 hours reasonably spent on this case.

Further, taking account of class counsel's experience, skill in litigating this case, the complexity of the issues involved, and the customary fees charged by counsel in similar cases, the Court finds that the lodestar fee is reasonable and, on balance, the Kerr factors do not justify an upward or downward adjustment. *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 97 (9th Cir. 1975).

The district court also found that Class Counsel "inadequately supported its claim for expert fees; specifically, with the exception of Mr. Rook, class counsel has not provided the Court with information regarding how crucial or indispensable the unnamed experts were to the litigation." Finally, the district court denied Objectors' fee request in its entirety, finding that Objectors' role was not "even minimally material in bringing about the successful settlement" because Objectors "did not add anything to the Court's independent analysis."

Both Plaintiffs and Objectors appealed.

## DISCUSSION

We review an award of attorney's fees for abuse of discretion. *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 (9th Cir. 2016). A district court abuses its discretion when it applies an incorrect rule of decision, or when it applies the correct rule to factual conclusions that are "illogical, implausible, or without support in the record." *Rodriguez v. Disner* (*Rodriguez II*), 688 F.3d 645, 653 (9th Cir. 2012). Findings of fact are reviewed for clear error; conclusions of law are reviewed de novo. *Stanger*, 812 F.3d at 738.

### I. Objectors' Standing to Appeal

In a class action, an objector need not establish standing to object to an award of attorney's fees by the district court. The district court has "the authority and duty to pass upon the fairness of the attorneys' fees settlement independently of whether there was objection." *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999). The

| 8 | STETSON V. GRISSOM |
|---|---|

objector therefore needs only a procedural vehicle with which to place his arguments before the district court, which is provided by Federal Rule of Civil Procedure 23(h)(2): "A class member, or a party from whom payment is sought, may object to the motion [for class counsel's fees]."

If, however, an objector seeks to *appeal* an award of fees to class counsel, he "must independently satisfy Article III"—that is, he must demonstrate standing to appeal independent of his ability to object before the district court. *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 n.1 (9th Cir. 2002). Where an objector has participated in the common-fund settlement, he has standing to appeal because a reduction in class counsel's fees will likely increase his own award from the common fund. *Id.* at 1126. Even where an objector has not participated in the common fund settlement, he may still have standing to appeal the settlement: if he prevails, a better settlement might be obtained on remand in which he could participate. Thus, his injury is likely redressable on appeal. *Id.* By contrast, an objector who has refused to participate in the common-fund settlement and who objects only to class counsel's fees generally will not have standing to appeal the fee award: Because he has not participated in the settlement, a reduction in class-counsel fees will not benefit him, and therefore (barring some unusual terms in the settlement agreement) he has no injury that is redressable. *Id.* at 1126–27.

Nevertheless, an objector has standing to appeal a denial of his *own* claim for fees. If the district court reduces class counsel's fees but denies fees to the objector, that denial creates a particularized injury to the objector that can be redressed on appeal. A particularized, redressable injury of that sort is sufficient to confer standing. *Knisley*, 312 F.3d at

STETSON V. GRISSOM 9

1126–27. Thus we concluded in *Rodriguez II* that even if an objector does not submit a settlement claim, he nevertheless has standing to appeal the denial of his request for fees because "an attorney who confers a benefit on the class is entitled to fees based on equitable principles of unjust enrichment, and has standing to challenge the denial of such fees, regardless whether the attorney's client will receive any of the savings." 688 F.3d at 660 n.11.

Here, Class Counsel challenge Objectors' standing to appeal the denial of their petition for fees. Objectors concede that they "did not file a claim to receive a share of the settlement proceeds." However, their appeal does not concern the district court's award of fees to Class Counsel. They appeal only the district court's denial of their own petition for fees, which is a particularized injury to the Objectors we can redress. Thus, *Knisley* is distinguishable, and as in *Rodriguez II*, Objectors have standing to appeal the district court's denial of their petition for fees.

Class Counsel also assert that Objectors' objection was untimely. All agree that Objectors filed their objection on July 29, 2013. The district court's order setting forth the relevant deadlines is ambiguous. In one paragraph, the order provides that a putative objector, "no later than twenty-one days before the August 19, 2013, Final Settlement Hearing (*presently, July 29, 2013*), must file a written notice of intention to object" (emphasis added). Elsewhere, however, it provides that "[a]ll Claim Forms, *objections*, and exclusion requests, if submitted by Class Members via U.S. mail, must be postmarked no later than July 8, 2013; all Claim Forms, if submitted online, must be submitted no later than *July 8, 2013*" (emphases added). Adding to the confusion, the Settlement Agreement approved by the district court provides

that objections must be lodged "no later than twenty-one (21) days before the Final Settlement hearing"—which corresponds with the July 29 date. All relevant documents were drafted by Class Counsel. Thus, in accordance with the general principle of *contra proferentem*, we construe the ambiguity against them. *See generally, e.g.*, *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006) (plea agreement); *In re Kahan*, 28 F.3d 79, 82 (9th Cir. 1994) (bankruptcy schedules). Objectors' objection is deemed timely.

However, to be entitled to funds, an objector must "increase the fund or otherwise substantially benefit the class members." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002); *see also Rodriguez II*, 668 F.3d at 658. In Part II, *infra*, we vacate and remand the district court's decision reducing Class Counsel's fees. Objectors are therefore not *yet* entitled to attorney's fees. On remand, if the district court again reduces Class Counsel's fee award, it can also determine—with specificity—the extent to which Objectors' arguments influenced its decision. For now, therefore, we vacate and remand the district court's decision concerning Objectors' entitlement to fees.

**II. Class Counsel's Petition for Fees and Costs**

"In class action litigation, a district court 'may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.'" *Rodriguez v. Disner* (*Rodriguez II*), 688 F.3d 645, 653 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(h)). In the absence of a contractual or statutory basis for awarding fees, the district court may award reasonable fees as a matter of federal common law when class counsel has recovered a "common

fund." *Id.* (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). A "common fund" exists when "each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf." *Boeing Co.*, 444 U.S. at 479. Fees awarded out of the common fund are thus apportioned among the class. It is not disputed that this is a common-fund case.

To calculate the fee in a common-fund case, the district court "has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating a fee award." *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002). Under the former method, the district court "multiplies a reasonable number of hours by a reasonable hourly rate"; under the latter method, the "benchmark" award is 25 percent of the fund, which the district court may "adjust[] upward or downward to account for any unusual circumstances involved in the case." *Id.* (quotation marks and alteration omitted). There is a strong presumption that the lodestar is a reasonable fee. *Id.* at 1007. In general "the choice to apply the lodestar method, rather than the percentage-of-fund method, [is] well within the district court's discretion." *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 739 (9th Cir. 2016).

*Stanger* was also a class action involving a common-fund settlement, and it was an appeal from the same district judge that decided this case. In *Stanger*, the district judge drastically reduced class counsel's fees with only minimal reasoning and analysis. *Id.* at 739. We explained that

> [i]n order for this Court to conduct a meaningful review of the fee award's reasonableness . . . the district court must

> "provide a concise but clear explanation of its reasons for the fee award." The district court must state not only the grounds on which it relied, but also how it weighed the various competing considerations. . . . Especially "where the disparity between the requested fee and the final award is larger, a more specific articulation of the court's reasoning is expected."

*Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)) (citations and alteration omitted). We therefore held that we had "no choice" but to vacate and remand. *Id.* at 740 (quotation marks omitted). Because the district court's decision was materially similar to the situation here, *Stanger* largely controls the outcome of Class Counsel's appeal of their fee and costs award in this case.

### A. Fees

The district court used the lodestar method to calculate fees, and it acted well within its discretion to do so. *See Stanger*, 812 F.3d at 739; *Fischel*, 307 F.3d at 1007. But the disparity between the requested fees ($1.9 million) and the awarded fees ($585,000) is $1,315,000—a nearly 70 percent reduction from the requested fees and a 36 percent reduction from Class Counsel's computed lodestar fee. Such a large disparity requires a relatively specific articulation of the court's reasoning. *Stanger*, 812 F.3d at 739 (requiring a more specific articulation for a 30 percent reduction in hours); *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012) (similar); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111–13 (9th Cir. 2008)

(similar). Failure to do so is an abuse of discretion. *See Stanger*, 812 F.3d at 739. There are a number of areas in which the district court here should have been more specific as to its reasoning.

*1. Hours.* The district court reduced Class Counsel's declared time expended by 241.2 hours, asserting that "many of the hours billed . . . were redundant, excessive, or otherwise unnecessary." As in *Stanger*, "[w]hile the court noted one or two considerations that might have supported its decision, it failed to explain how it weighed those considerations when calculating the final award." 812 F.3d at 739. Specifically, the court provided no explanation for why it reduced the lodestar by 241.2 hours, "as opposed to any other number of hours." *See id.* On remand, the district court should take into account the reality that some amount of duplicative work is "inherent in the process of litigating over time." *Moreno*, 534 F.3d at 1112.

*2. Hourly fee.* As in *Stanger*, the district court's declaration that a reasonable hourly fee for Class Counsel is $450 per hour "gives us no clue on whether it relied on Class Counsel's current or historic rates." 812 F.3d at 740. The district court provided no reasoning other than an offhand citation to *Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996). To the extent that the district court relied on the evidence in *Trevino* that "the reasonable hourly rate in the community for experienced private attorneys handling complex litigation ranged from $250 to $550/hour," *id.* at 924, relying on a 1996 case to determine prevailing hourly rates in 2013 was clear error. *See Fischel*, 307 F.3d at 1010; *Moreno*, 534 F.3d at 1115. The lodestar should be computed either using an hourly rate that reflects the prevailing rate as of the date of the fee request, to compensate class counsel for delays in payment

14 STETSON V. GRISSOM

inherent in contingency-fee cases, or using historical rates and compensating for delays with a prime-rate enhancement. *Stanger*, 812 F.3d at 740; *Fischel*, 307 F.3d at 1010. The district court's failure to do either (or to explain what it was doing) was also an abuse of discretion.

*3. Risk multiplier.* "The district court *must* apply a risk multiplier to the lodestar 'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky.' Failure to apply a risk multiplier in cases that meet these criteria is an abuse of discretion." *Stanger*, 812 F.3d at 741 (quoting *Fischel*, 307 F.3d at 1008) (emphasis added). Here, there is some evidence of risk—after all, the district court initially dismissed the case before being reversed on appeal—but the record is not developed on the extent of that risk, or on the other two elements. The district court failed entirely to consider whether Class Counsel's representation merited a risk multiplier. On remand, the decision to apply a risk multiplier—or not—remains within the district court's discretion, but in either event it "must fully and adequately explain the basis for its decision." *Stanger*, 812 F.3d at 741.

*4. Kerr factors.* The district court also has discretion to adjust the lodestar upward or downward using a multiplier that reflects "a host of 'reasonableness' factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011) (quotation marks omitted). These factors are known as the *Kerr* factors. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v.*

*Dague*, 505 U.S. 557 (1992). Class Counsel provided a detailed analysis of these factors on pages 16–21 of their motion for attorney's fees; the district court briefly mentioned the factors and then, without any analysis, dismissed them. On remand, the court "must explicitly discuss why the *Kerr* reasonableness factors do or do not favor applying a multiplier (positive or negative) in this case." *See Stanger*, 812 F.3d at 740.

### B. Costs

The district court found that Class Counsel had "inadequately supported its claim for expert fees." Specifically, the court found, "with the exception of Mr. Rook, class counsel has not provided the Court with information regarding how crucial or indispensable the unnamed experts were to the litigation." In a declaration submitted to the district court on August 12, 2013, however, Class Counsel named two other experts—Dr. Safir and Dr. Gikas—and explained that they were consulted on "the range of possible damages and the various ways in which settlement might be achieved." Class Counsel provided almost two full pages explaining how these experts were used and why their input was crucial or indispensable. The district court's reduction of Class Counsel's costs was therefore based on clearly erroneous findings of fact.

Thus, for all the foregoing reasons, the district court's award of costs and fees to Class Counsel is vacated as arbitrary and remanded for further consideration. On remand, the district court should (1) clearly provide reasons for the factors in its lodestar computation; (2) expressly consider both a risk multiplier and the *Kerr* factors; and (3) base its decision on facts supported by the record.

## CONCLUSION

As we previously observed, this case is before us for the third time. Moreover, in a related matter before the same district judge, decimations and denials of attorneys fees have been appealed three times, and each time we have reversed the district court, at least in part. *See Rodriguez v. W. Publ'g Corp.* (*Rodriguez III*), 602 F. App'x 385, 387 (9th Cir. 2015); *Rodriguez II*, 688 F.3d at 660; *Rodriguez v. W. Publ'g Corp.* (*Rodriguez I*), 563 F.3d 948, 969 (9th Cir. 2009). In addition, we have already mentioned the similarity of the district judge's decision in *Stanger* to his reasoning in this case.

In light of the history of this case and related litigation, it is clear to us that the district judge would have "substantial difficulty in putting out of his . . . mind" his previously expressed, erroneous findings and conclusions, and that "reassignment is advisable to preserve the appearance of justice." *See United States v. Atondo-Santos*, 385 F.3d 1199, 1201 (9th Cir. 2004) (quotation marks omitted). Accordingly, exercising our supervisory powers under 28 U.S.C. § 2106, the award of attorney's fees and costs to Class Counsel and the denial of attorney's fees to Objectors are **VACATED and REMANDED** with direction that the case be reassigned to a different district judge. Each party shall bear its own costs on appeal.